# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: VIAGRA (SILDENAFIL CITRATE)
PRODUCTS LIABILITY LITIGATION**                          MDL No. 2691

## TRANSFER ORDER

**Before the Panel**:[*]  Plaintiffs in seven actions move under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of California.[1]  The litigation consists of fourteen actions pending in six districts, as listed on Schedule A.  Since the filing of the motion, the Panel has been notified of fifteen related actions in seven additional districts.[2]  All responding plaintiffs and defendant Pfizer, Inc., support or do not oppose centralization in the Northern District of California.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  These actions share factual questions arising out of the allegation that Viagra (sildenafil citrate) causes or increases the risk of developing melanoma and that defendant failed to warn consumers and health care providers of the alleged risk.  Additionally, all actions rely principally on the same studies to support their claims.  Issues concerning general causation, the background science, regulatory history, and marketing will be common to all actions.  Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on *Daubert* and other issues, and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the Northern District of California is an appropriate transferee district for this litigation.  This district, which has the unanimous support of all responding plaintiffs and the defendant, provides a convenient and easily accessible location for this geographically dispersed litigation.  Additionally, nine actions (including potential tag-alongs) are pending in this district.  The Honorable Richard Seeborg, to whom we assign this litigation, is an experienced transferee judge who is willing and able to efficiently manage this litigation.  We are confident he will steer this litigation on a prudent course.

---

[*]  Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1]  The motion for centralization was filed by plaintiffs in eight actions.  One action was terminated after the filing of the motion.

[2]  These and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1 and 7.2.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Richard Seeborg for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that MDL No. 2691 is renamed *In re: Viagra (Sildenafil Citrate) Products Liability Litigation*.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles A. Breyer |
| Lewis A. Kaplan | R. David Proctor |
| Catherine D. Perry | |

**IN RE: VIAGRA (SILDENAFIL CITRATE)
PRODUCTS LIABILITY LITIGATION**                     MDL No. 2691

## SCHEDULE A

Northern District of Alabama

GRIFFITH v. PFIZER, INC., C.A. No. 6:15-00441

Northern District of California

ANDREWS v. PFIZER, INC., C.A. No. 3:15-04884
HERRARA v. PFIZER, INC., C.A. No. 3:15-04888
TOOLE v. PFIZER, INC., C.A. No. 3:15-04989
WARREN v. PFIZER, INC., C.A. No. 3:15-05206
NICHOLAS v. PFIZER, INC., C.A. No. 3:15-05251

District of Minnesota

WOOD v. PFIZER, INC., C.A. No. 0:15-02048

Southern District of New York

ROSENWEIN, ET AL. v. PFIZER, INC., C.A. No. 1:15-02278
LEBLANC, ET AL. v. PFIZER, INC., C.A. No. 1:15-02650
CUSIMANO, ET AL. v. PFIZER, INC., C.A. No. 1:15-02654
HOLLEY v. PFIZER, INC., C.A. No. 1:15-02659
GARDINER v. PFIZER, INC., C.A. No. 1:15-03350

Middle District of North Carolina

KELLY v. PFIZER, INC., C.A. No. 1:15-00842

Western District of North Carolina

HOFFMAN v. PFIZER, INC., C.A. No. 3:15-00472