UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: VIAGRA (SILDENAFIL CITRATE) PRODUCTS LIABILITY LITIGATION

This Document Relates to:

ALL ACTIONS

Case No. 16-md-02691-RS
MDL No. 2691

**PRETRIAL ORDER #1**

The Judicial Panel on Multidistrict Litigation ("the Panel") has transferred certain product liability and marketing sales practices actions relating to the drug Viagra to this Court for coordinated pretrial proceedings. As the number and complexity of these actions warrant holding a single, coordinated initial case management conference for all actions in In Re: Viagra (Sildenafil Citrate) Products Liability Litigation, MDL No. 2691, the Court ORDERS as follows:

1. APPLICABILITY OF ORDER

Prior to the initial case management conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in those actions that were transferred to this Court by the Panel. This Order also applies to all related cases filed in all divisions of the Northern District of California and all "tag-along actions" later filed in, removed to, or transferred to this Court.

2. CONSOLIDATION

The civil actions transferred to this Court or related to the actions already pending before this Court are consolidated for pretrial purposes. Any "tag-along actions" later filed in, removed

to, or transferred to this Court, or directly filed in the Northern District of California, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure. To facilitate the efficient consolidation of cases in this matter, all parties to this action shall notify the Panel of other potential related or "tag-along" actions of which they are aware or become aware.

3.  MASTER DOCKET FILE

The Clerk of Court will maintain a master docket case file under the style "In Re: Viagra (Sildenafil Citrate) Products Liability Litigation" and the identification "MDL No. 2691." When a pleading is intended to apply to all actions, this shall be indicated by the words: "This Document Relates to: ALL ACTIONS." When a pleading is intended to apply to fewer than all cases, this Court's docket number for each individual case to which the document relates shall appear immediately after the words "This Document Relates to."

4.  FILING

Each attorney of record is obligated to become a Northern District of California ECF User and be assigned a user ID and password for access to the system. If she or he has not already done so, counsel shall register forthwith as an ECF User and be issued an ECF User ID and password. Forms and instructions can be found on the Court's website at www.cand.uscourts.gov/cm-ecf. All documents shall be e-filed in the Master file, 16-md-02691. Documents that pertain to one or only some of the pending actions shall also be e-filed in the individual case(s) to which the document pertains. Registration instructions for *pro se* parties who wish to e-file can be found on the Court's website at www.cand.uscourts.gov/ECF/proseregistration.

5.  APPEARANCES

Counsel who are not admitted to practice before the Northern District of California must file an application to be admitted pro hac vice. *See* N.D. Cal. Civil Local Rule 11-3. The requirement that pro hac vice counsel retain local counsel, *see* N.D. Cal. Civil Local Rule 11-

3(a)(3) and 11-3(e), is waived and does not apply to this MDL action. The Court generally requires in person as opposed to telephonic appearances for any counsel wishing to participate in a hearing.

6.     LIAISON COUNSEL

Prior to the initial case management conference, counsel for the plaintiffs and counsel for defendants shall, to the extent they have not already done so, confer and seek consensus on the selection of a candidate for the position of liaison counsel for each group who will be charged with essentially administrative matters. For example, liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and perform other tasks determined by the Court. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multi District Litigation or from the transferee court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group. The expenses incurred in performing the services of liaison counsel shall be shared equally by all members of the liaison group in a manner agreeable to the parties or set by the Court failing such agreement. Appointment of liaison counsel shall be subject to the approval of the Court. At the first status conference liaison counsel and/or the parties should be prepared to discuss any additional needs for an organizational structure or any additional matters consistent with the efficient handling of this matter.

7.     LEAD COUNSEL & PLAINTIFFS' STEERING COMMITTEE

The Court will consider the appointment of lead counsel(s) and a Plaintiffs' Steering Committee ("PSC") to conduct and coordinate the pretrial stage of this litigation with the defendants' representatives or committee. The Court requires individual application for a lead counsel or steering committee position. Any attorney who has filed an action in this MDL

litigation may apply for a lead counsel or steering committee position or both.

Applications/nominations for plaintiffs' lead counsel(s) and PSC positions must be e-filed in master case no. 16-md-02691 on or before **May 9, 2016**. A courtesy copy must be mailed directly to chambers.

Each attorney's application shall include a resume no longer than two pages and a letter no longer than three pages (single-spaced) addressing the following criteria:

(1) professional experience in this type of litigation, including MDL experience as lead or liaison counsel and/or service on any plaintiffs' committees or subcommittees;

(2) the names and contact information of judges before whom the applicant has appeared in the matters discussed in response to no. 1 above;

(3) willingness and ability immediately to commit to time-consuming litigation;

(4) willingness and ability to work cooperatively with other plaintiffs' counsel and defense counsel;

(5) access to resources to prosecute the litigation in a timely manner;

(6) willingness to serve as lead counsel, a member of a steering committee, or both;

(7) any other considerations that qualify counsel for a leadership position.

Applications may also include an attachment indicating the names of other counsel who have filed cases in this MDL litigation and support the applicant's appointment as lead counsel or a steering committee member.

The main criteria for membership in the PSC will be: (a) willingness and availability to commit to a time-consuming project; (b) ability to work cooperatively with others; and (c) professional experience in this type of litigation.

All responses or objections to applications must be e-filed in the Master file, 16-md-02691, on or before **May 16, 2016,** and are likewise limited to three single-spaced pages. The Court will hold a status conference on **June 15, 2016, at 10:00 a.m.**, in Courtroom 3, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California. At that time applicants will have the opportunity to address the Court briefly in person. Thereafter, the Court will appoint

lead counsel(s) and members of the steering committee(s), if needed, as promptly as practicable.

8.     DATE OF INITIAL STATUS CONFERENCE AND CONFERENCE AGENDA

Matters relating to pretrial proceedings in these cases will be addressed at an initial status conference to be held on **June 15, 2016, at 10:00 a.m.**, in Courtroom 3, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California. Counsel are expected to familiarize themselves with the Manual for Complex Litigation, Fourth ("MCL 4th") and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation. The items listed in MCL 4th Sections 22.6 (case management orders), 22.61 (initial orders), 22.62 (organization of counsel), and 22.63 (subsequent case management orders) shall, to the extent applicable, constitute a tentative agenda for the conference. If the parties have any suggestions as to any case management orders or additional agenda items, these suggestions shall be filed with the Court **by May 9, 2016**.

9.     POSITION STATEMENT

Plaintiffs and defendants shall submit to the Court by **May 9, 2016,** a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues. These statements will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings. The parties' statements shall identify all cases that have been transferred to or related before this Court, and shall identify all pending motions in those cases. The statement shall also list all related cases pending in state or federal court (that have not already been transferred to this Court), together with their current status, including any discovery taken to date, to the extent known.

10.     INITIAL CONFERENCE APPEARANCES

Each party represented by counsel shall appear at the initial status conference through the party's attorney who will have primary responsibility for the party's interest in this litigation. Parties not represented by counsel may appear in person or through an authorized and responsible agent. To minimize costs and facilitate a manageable conference, parties with similar interests may agree, to the extent practicable, to have an attending attorney represent the party's interest at

the conference. A party will not by designating an attorney to represent the party's interest at the conference be precluded from other representation during the litigation, nor will attendance at the conference waive objections to jurisdiction, venue or service.

## 11. RESPONSE EXTENSION AND STAY

Defendants are granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court. Pending the initial case management conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. Moreover, all pending motions must be re-noticed for resolution once the Court sets a schedule for any such motions. Any orders, including protective orders, previously entered by any transferor district court shall remain in full force and effect unless modified by this Court upon application.

## 12. PRESERVATION OF EVIDENCE

All parties and counsel are reminded of their duty to preserve evidence that may be relevant to this action, including electronically stored information. Any evidence preservation order previously entered in any of the transferred actions shall remain in full force and effect until further order of the Court. Until the parties reach an agreement on a preservation plan for all cases or the Court orders otherwise, each party shall take reasonable steps to preserve all evidence that may be relevant to this litigation. Counsel, as officers of the court, are obligated to exercise all reasonable efforts to identify and notify parties and non-parties, including employees of corporate or institutional parties, of their preservation obligations.

## 13. COMMUNICATION WITH THE COURT

Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing and e-filed. The Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel and among and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorneys' work product, and cooperative efforts

contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff.  Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

14. DATE OF INITIAL CASE MANAGEMENT CONFERENCE

Once the structure for plaintiffs' representation has been determined, the Court will set a date for an initial case management conference, which will address discovery and other issues.

**IT IS SO ORDERED**.

Dated: April 12, 2016

_____
RICHARD SEEBORG
United States District Judge