UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| In re: <br><br> **VIAGRA (SILDENAFIL CITRATE) PRODUCTS LIABILITY LITIGATION** <br><br> This Document Relates to: ALL ACTIONS | Master File No.: 3:16-md-02691-RS <br><br> [~~PROPOSED~~] MDL ORDER NO: 2 (ORDER APPOINTING LEADERSHIP STRUCTURE) |

This Order is intended to create a leadership structure for plaintiffs' counsel in order to organize, simplify, and streamline the handling of these matters on behalf of all plaintiffs, consistent with the fair administration of justice.

1. **Lead Counsel**

The Court hereby appoints the following individual as Lead Counsel:

Ernest Cory
CORY WATSON, P.C.
2131 Magnolia Avenue South
Birmingham, AL 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896
Email: ecory@corywatson.com

The responsibilities of Lead Counsel are set forth in section 8 of this Order.

2. **Liaison Counsel**

The Court hereby appoints the following individual as Liaison Counsel:

Rachel Abrams
LEVIN SIMES, LLP
44 Montgomery Street, 32nd Floor
San Francisco, CA, 94104
Telephone: (415) 426-3000
Facsimile:  (415) 426-3001
Email: rabrams@levinsimes.com

The responsibilities of Liaison Counsel are set forth in section 9 of this Order.

**3. Plaintiff's Executive Committee**

The Court hereby appoints the following individuals to the Plaintiffs' Executive Committee ("PEC"):

Ernest Cory
CORY WATSON, P.C.
2131 Magnolia Avenue South
Birmingham, AL 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896
Email: ecory@corywatson.com

Kimberly Barone Baden
MOTLEY RICE LLC
28 Bridgestone Boulevard
Mount Pleasant, SC 29464
Telephone: (843) 216-9265
Facsimile: (843) 216-9450
Email: kbarone@motleyrice.com

Martin D. Crump
DAVIS & CRUMP, P.C.
2601 14th Street
Gulfport, MS 39501
Telephone: (228) 863-6000
Facsimile: (228) 864-0907
Email: martincrump@daviscrump.com

Munir R. Meghjee
ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
Email: mmeghjee@robinskaplan.com

Kristian Rasmussen
CORY WATSON, P.C.
2131 Magnolia Avenue South
Birmingham, AL 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896
Email: krasmussen@corywatson.com

The responsibilities of the PSC are set forth in Section 10 of this Order.

**4. Plaintiffs' Steering Committee**

The Court hereby appoints the following individuals to the Plaintiffs' Steering Committee ("PSC"):

Kelly A. Fitzpatrick
VENTURA RIBEIRO & SMITH
280 Park Avenue S, Suite 13A
New York, NY 10010
Telephone: (212) 673-6669
Facsimile: (203) 791-9264
Email: kfitzpatrick@vrslaw.com

Yvonne M. Flaherty
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
Email: ymflaherty@locklaw.com

Lisa A. Gorshe
JOHNSON BECKER, PLLC
33 South Sixth Street, Suite 4530
Minneapolis, MN 55402
Telephone: (612) 436-1800
Facsimile: (612) 436-1801
Email: lgorshe@johnsonbecker.com

Jennifer R. Liakos
Napoli Shkolnik PLLC
525 South Douglas Street, Suite 260
El Segundo, CA 90245
Telephone: (310) 331-8224
Facsimile:  (310) 736-2877
Email: jliakos@napolilaw.com

Michael B. Lynch
THE MICHAEL BRADY LYNCH FIRM
127 West Fairbanks Ave. #528
Winter Park, Florida 32789
Telephone: (877) 513-9517
Facsimile: (321) 972-3568
Email: michael@mblynchfirm.com

Scott A. Morgan
MORGAN LAW FIRM, LTD.
55 West Wacker Drive, Suite 900
Chicago, IL 60601
Telephone: (312) 327-3386

Facsimile: (888) 396-2478
Email: smorgan@smorgan-law.com

J. Gordon Rudd, Jr.
Minnesota Bar No.: 222082
ZIMMERMAN REED, PLLP
1100 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
Facsimile: (612) 341-0844
Email: gordon.rudd@zimmreed.com

The responsibilities of the PSC are set forth in Section 11 of this Order.

### 5. State Liaison Counsel

The Court hereby appoints the following individual as State Liaison Counsel:

John J. Driscoll
THE DRISCOLL FIRM, P.C.
One Metropolitan Square
211 N. Broadway, 40th Floor
St. Louis, MO 63102
Telephone: (314) 932-3232
Facsimile: (314) 932-3233
Email: john@thedriscollfirm.com

### 6. Changes in Membership

These appointments are personal in nature, and may not be changed without court order. Accordingly, this Court looks to these counsel to undertake personal responsibility to perform the designated functions and reserves the discretion to replace them, on their own request, or of this Court's own motion, should they become unable to do so.

### 7. Designated Counsel

The PSC may appoint other qualified counsel to perform legal services for the common benefit of plaintiffs ("Designated Counsel").

### 8. Responsibilities of Lead Counsel

Lead Counsel shall have the following responsibilities:

1. any and all responsibilities as designated by the Court;
2. to chair the PEC, which shall be generally responsible for coordinating the activities of plaintiffs' counsel during pretrial proceedings;

3. to present, after consultation with the PEC, PSC, and other counsel as may be appropriate, personally or by designee, the position of the plaintiffs on any matter arising during pretrial proceedings;

4. to delegate specific tasks to other counsel to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically, including the creation of subject matter-specific or other working groups;

5. to prepare and distribute to the parties periodic status reports, as appropriate;

6. to prepare and to ensure the preparation by others of adequate and reasonable time and disbursement records where appropriate;

7. to coordinate and lead discussions with the Court, other plaintiffs' counsel, defense counsel, and non-parties to ensure that court orders are followed, schedules are met, discovery is conducted and provided consistent with the requirements of Fed. R. Civ. P. 26, unnecessary expenditures of time and funds are avoided, and any negotiations are reasonably efficient and productive;

8. to establish and maintain, in conjunction with the PSC and to the extent deemed desirable by the PSC, a physical or virtual depository of documents located within the Court's jurisdiction, or otherwise accessible to all plaintiffs' counsel;

9. to coordinate, with the assistance of Liaison Counsel and State Liaison Counsel, with counsel in related state-court litigation, in order to avoid duplicative discovery, including minimizing the number of depositions taken of each witness, minimizing the number of lawyers who question witnesses at depositions, and reducing duplicative questioning;

10. to assist in providing access to participating state-court counsel to any common-benefit document depository and common-benefit work-product, in accordance with the terms of any common-benefit orders entered by the Court;

    11. to establish and maintain an comprehensive service list of counsel of record and promptly advise the Court of any changes; and

    12. to participate in any class or group settlement discussions.

**9. Responsibilities of Liaison Counsel**

Liaison Counsel shall have the following responsibilities:

1. any and all responsibilities as designated by the Court;
2. to receive, on behalf of the attorneys for all plaintiffs, orders, notices, and correspondence from this Court and acting as the primary contact between the Court and plaintiffs' counsel;
3. where practicable, to communicate with State Liaison Counsel to ascertain status of related state-court actions;
4. to provide information about related state-court proceedings to the Court and counsel; and
5. to assist lead counsel in coordinating the efforts of all counsel in all pending cases, whether part of this MDL proceeding or not.

**10. Responsibilities of PEC**

The PEC shall have the following responsibilities:

1. to perform necessary administrative and logistic functions of the PEC and carry out any and all responsibilities as designated by the Court;
2. to coordinate and oversee the responsibilities of the PSC set forth below;
3. to schedule PSC meetings and keep minutes or transcripts of these meetings;
4. to appear at periodic court noticed status conferences and hearings;
5. to sign and file pleadings relating to all actions;
6. to bind the PSC in scheduling depositions, setting agendas, entering into stipulations, and in other necessary interactions with defense counsel;
7. to create such committees and subcommittees of the PSC as are necessary to efficiently carry out its responsibilities, to designate members thereof, and to delegate common benefit work responsibilities to selected counsel (including

      non-members of the PSC), as may be required for the common benefit of plaintiffs; and

    8. the PEC will share in the responsibilities of the PSC as outlined below.

**11. Responsibilities of PSC**

The PSC shall have the following responsibilities:

  **A.**  **Discovery**

    1. to initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions subject to this Order;

    2. to develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs;

    3. to cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas concerning any witnesses and documents needed to prepare for the trial of this litigation (similar requests, motions, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him or her in the preparation of the pretrial stages of his or her client's particular claims); and

    4. to conduct all discovery, by members or their designees approved by Lead Counsel, in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs.

  **B.**  **Hearings and Meetings**

    1. to call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court;

    2. to initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matters concerning pretrial proceedings;

    3. to examine witnesses and introduce evidence at hearings on behalf of plaintiffs; and

    4. to speak for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any plaintiff's counsel to

present non-repetitive individual or different positions.

**C.    Trial**

1. to coordinate the selection, management, and presentation of any common issue, "bellwether," and/or "test" case trials.

**D.    Settlement and Miscellaneous**

1. any and all responsibilities as designated by the Court;
2. to negotiate and propose settlement of cases on behalf of plaintiffs or plaintiff groups, including exploring and, where appropriate, pursuing all settlement options concerning any claim or portion of any case filed in this litigation;
3. to litigate any motions presented to the Court that involve matters within the responsibilities of the PSC;
4. to negotiate and enter into stipulations with defendants concerning this litigation, subject where appropriate to the objections of individual counsel and/or the approval of the Court;
5. to maintain adequate files of all discovery and pretrial matters, including establishing and maintaining a document or exhibit depository, in either real or virtual format, and having those documents available, under reasonable terms and conditions, for examination by all plaintiffs' counsel; and
6. to perform any task necessary and proper for the PSC to accomplish its responsibilities, including organizing subcommittees or workgroups comprised of plaintiffs' attorneys not on the PSC and assigning them tasks consistent with the duties of the PSC.

**12. Privileged Communications**

Because cooperation among counsel and the parties is essential for the orderly and expeditious resolution of the litigation, the communication, transmission, or dissemination of information among plaintiffs' counsel shall be subject to the joint attorney-client privilege and the protections afforded by the attorney work-product doctrine; provided, however, that the conditions necessary to create such a privilege or protection have been satisfied and the

privilege or protection has not been waived.

**IT IS SO ORDERED.**

Dated: 6/15/16

_____
RICHARD SEEBORG
United States District Judge