UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

IN RE: VIAGRA (SILDENAFIL CITRATE) PRODUCTS LIABILITY LITIGATION

This Document Relates to:

ALL ACTIONS

Case No. 3:16-md-02691-RS

MDL No. 2691

[~~PROPOSED~~] PRETRIAL ORDER No. 5: PROCEDURES FOR DIRECT FILING, MASTER PLEADINGS, AND SERVICE OF PROCESS

## I. SCOPE OF ORDER

1. <u>Applicability of Order</u>. This Order applies to all cases pending against Defendant Pfizer Inc. ("Pfizer") in MDL No. 2691 and to all actions against Pfizer that have been or will in the future be originally filed in, transferred to, or properly removed to this Court and assigned thereto as part of this MDL No. 2691.

## II. DIRECT FILING OF CASES IN MDL NO. 2691

2. <u>Direct Filing Permitted</u>. To promote judicial efficiency and eliminate delays associated with the transfer to this Court of cases filed in or removed to other federal district courts, any Plaintiff whose case would be subject to transfer to MDL No. 2691 may file his or her case directly into MDL No. 2691 in the Northern District of California, San Francisco.

3. <u>Pfizer Shall Not Challenge Venue for Pretrial Purposes</u>. Each case filed directly into MDL No. 2691 by a Plaintiff who resides in a federal district other than the Northern District of California will be filed into MDL No. 2691 for the purposes of pretrial proceedings, consistent with the Judicial Panel on Multidistrict Litigation's April 7, 2016 Transfer Order. Pfizer will not challenge the venue of any action filed directly into MDL No. 2691 for purposes of pretrial proceedings.

4. <u>No *Lexecon* Waiver</u>. For cases filed directly into MDL No. 2691, the Parties preserve and do not waive any and all rights under *Lexecon Inc. v. Milberg Weiss*, 523 U.S. 26

-1-

(1998) to have each case remanded to the district of traditional venue for trial set forth in paragraph 10(e) herein.

5. <u>No Determination Regarding Jurisdiction or Venue</u>.  The inclusion of any case in MDL No. 2691, whether such case was or will be filed originally or directly in the Northern District of California, or transferred or removed to the Northern District of California, shall not constitute a determination by this Court that jurisdiction or venue is proper in this district.

6. <u>No Impact on Choice of Law</u>.  The fact that a case was filed directly in MDL No. 2691 pursuant to this Order will have no impact on choice of law, including the statute of limitations that otherwise would apply to an individual case had it been filed in another court and removed and/or transferred to this Court.

**III.   MASTER COMPLAINT**

7. <u>Purpose of Master Pleadings</u>.  In light of the number of Complaints filed to date and likely to be filed in the future in MDL No. 2691, and the inefficiencies of drafting those Complaints and individual Answers to those Complaints, the Parties have agreed to the following procedures for the use of Master Pleadings.  Nothing in this Order is intended to (or does) alter the applicable provisions of the Federal Rules of Civil Procedure or the Local Rules of this Court, except as otherwise provided herein or in any subsequent Order.

8. <u>Deadline for Master Complaint</u>.  On or before September 9, 2016, the Plaintiffs' Steering Committee ("PSC") shall file in MDL No. 2691 a Master Complaint on behalf of all Plaintiffs asserting claims in MDL No. 2691.

**IV.   SHORT FORM COMPLAINTS**

9. <u>Content of Short Form Complaints</u>.  At the same time the PSC files the Master Complaint, the PSC also shall file as Exhibit 1 thereto a Master Short Form Complaint, which shall be an abbreviated form that future Plaintiffs will complete in lieu of filing new standalone Complaints.  All Short Form Complaints shall adopt the Master Complaint by reference and shall contain, at a minimum, for each individual case:

    a.   The name of the Plaintiff(s);

    b.   The city and state in which Plaintiff(s) currently resides;

        c.    The city and state in which Plaintiff(s) resided at the time of the injury allegedly caused by Viagra (and, if the Viagra user is deceased, where the Viagra user resided at the time of his alleged injury);

        d.    The basis for subject matter jurisdiction in this Court;

        e.    The federal district court in which the action otherwise would have been filed absent the direct filing procedures adopted by this Court;

        f.    The dates that the Viagra user ingested Viagra;

        g.    Whether the Plaintiff is alleging that he developed melanoma as a result of ingesting Viagra, and, if so, the stage and type of melanoma (if known at the time of filing the Short Form Complaint);

        h.    Whether the Plaintiff is alleging any injury other than melanoma as a result of the use of Viagra, and, if so, the nature of the alleged injury or injuries;

        i.    The dates of all alleged injuries;

        j.    If applicable, the date of death of the Viagra user;

        k.    Which causes of action in the Master Complaint Plaintiff(s) adopts (including whether any Plaintiff(s) is asserting a claim for loss of consortium, survival, or wrongful death), which Plaintiff(s) may indicate by checking the applicable box on the Short Form Complaint;

        l.    Any additional legal counts, Defendants and supporting allegations; and

        m.    Whether Plaintiff(s) demands a jury trial.

10.    <u>Timing and Effect of Filing Short Form Complaints</u>.

        a.    <u>Complaints Filed or Transferred Before Date of Master Complaint</u>. Any Plaintiff who filed (or files) a Complaint in MDL No. 2691 or had (or has) a Complaint transferred to this MDL before the date on which the PSC files the Master Complaint must file a Short Form Complaint in his or her case within 60 days of the date on which the PSC files the Master Complaint. For purposes of statutes of limitations and statues of repose, any such Plaintiff shall be deemed to have filed his or her Complaint as of the date he or she filed his or her original

1   Complaint and not the date of the Master Complaint or the date he or she filed his or her Short
2   Form Complaint.

3         b.    <u>Complaints Filed On or After Date of Master Complaint</u>.  Any Plaintiff
4   who files a Complaint directly in MDL No. 2691 on or after the date on which the PSC files the
5   Master Complaint must file a Short Form Complaint.  For purposes of statutes of limitations and
6   statues of repose, any such Plaintiff shall be deemed to have filed his or her Complaint as of the
7   date he or she filed his or her Short Form Complaint and not the date of the Master Complaint.

8         c.    <u>Complaints Transferred to MDL On or After Date of Master Complaint</u>.
9   Any Plaintiff who files a Complaint that is transferred to MDL No. 2691 on or after the date on
10  which the PSC files the Master Complaint must file a Short Form Complaint within 60 days of
11  the date of transfer (which shall be the date this Court posts the Transfer Order on its docket).
12  For purposes of statutes of limitations and statues of repose, any such Plaintiff shall be deemed to
13  have filed his or her Complaint as of the date he or she filed his or her original Complaint in a
14  different judicial district and not the date of the Master Complaint or the date he or she filed his or
15  her Short Form Complaint.

16        d.    <u>Amended Short Form Complaints</u>.  Nothing in this order shall limit
17  Plaintiffs' right to seek leave of court to amend a Short Form Complaint as provided in the
18  Federal Rules of Civil Procedure.  Further, Plaintiffs may file an amended Short Form Complaint
19  without leave of court to assert any Loss of Consortium claims.  Plaintiffs may also file an
20  amended Short Form Complaint without leave of court to substitute or add an heir, estate,
21  executor, successor, personal representative, or other proper party in the event that substitution is
22  necessary, including but not limited to the death or incapacitation of the original named plaintiff;
23  provided, however, that Defendant(s) shall not be deemed to have consented to any such
24  amendments by virtue of this order and shall preserve the right to challenge whether the
25  appropriate party brought the action in a timely matter.

26  **V.    MASTER ANSWER**

27      11.    <u>Deadline for Master Answer or Motion to Dismiss</u>.  Within sixty (60) days of the
28  date of filing of the Master Complaint, Pfizer shall file a Master Answer to the Master Complaint

or shall file, pursuant to the Federal Rules of Civil Procedure, a motion seeking dismissal, in whole or in part, of the Master Complaint.  If Pfizer files a Motion to Dismiss the Master Complaint, and such Motion does not result in the dismissal of the Master Complaint in its entirety, Pfizer shall file a Master Answer within sixty (60) days of the date on which the Court issues a ruling as to Pfizer's Motion to Dismiss, provided that the Court does not grant the PSC leave to amend the Master Complaint.  If the Court grants the PSC leave to amend the Master Complaint, the parties shall meet and confer in good faith regarding deadlines for the filing of an Amended Master Complaint and Pfizer's response thereto.

12. <u>Master Answer Deemed Adopted in All Cases</u>.  The Master Answer shall be deemed to be the Answer to all properly served Complaints, whether Short Form or otherwise, in any case now or in the future pending in MDL No. 2691, including those cases transferred to MDL No. 2691 pursuant to 28 U.S.C. § 1407, filed directly in MDL No. 2691 pursuant as authorized herein, or removed to this Court and included in MDL No. 2691.  Pfizer is hereby relieved of the obligation to file any further Answer to any Complaint not yet answered and/or any Complaint in a case subsequently transferred to or consolidated with MDL No. 2691, unless otherwise ordered by this Court.  For cases in MDL No. 2691 that do not utilize the Master Complaint, the Master Answer will be deemed the answer to those allegations that correspond to the allegations of the Master Complaint, and will be deemed a denial of any allegations not contained in the Master Complaint.

13. <u>Master Answer Without Prejudice to Individual Motions to Dismiss</u>.  The adoption of the Master Answer in every case is without prejudice to Pfizer later moving to dismiss certain counts alleged in the Master Complaint (at the appropriate time in any individual Plaintiff's action), asserting any affirmative defenses, filing an Amended Answer to address specifically any individual Complaints described below, or otherwise challenging the sufficiency of any claim or cause of action in any Complaint under the applicable state's law, including cases that may be selected for inclusion in a discovery pool or bellwether trial pool.  Any proposed Order submitted to this Court for a process of selecting cases for inclusion in a discovery pool or bellwether trial pool must include a proposed procedure for the filing of dispositive motions applicable to those

cases.  Furthermore, by agreeing to the procedures for filing the Master Complaint and Short Form Complaints, Pfizer has not agreed to or admitted the allegations set forth in those documents, nor has Pfizer conceded or waived its right to dispute the legal validity of the claims alleged therein.

14. <u>Voluntary Dismissals</u>.  As set forth herein, after the Master Answer has been filed in MDL No. 2691, it will be deemed adopted in every case.  As a result, following the filing of the Master Answer, any Plaintiff who wishes to voluntarily dismiss any case filed in or transferred to MDL No. 2691 must comply with Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

**VI.   SERVICE OF PROCESS AS TO PFIZER.**

15. <u>Service of Process by Mail on Pfizer's Registered Agent</u>.  Without waiver of any defenses, Pfizer agrees that Plaintiffs may effectuate service of process pursuant to the provisions of Federal Rule of Civil Procedure 4 by sending a copy of the Summons and Complaint by certified mail to Pfizer's registered agent for service of process at the following address: The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.  Service shall be deemed effective on the day that the Summons and Complaint are sent to Pfizer as set forth above.   Plaintiffs shall be responsible for filing a return of service with the Court.

16. <u>Certain Other Methods of Service Not Sufficient</u>.  General mailing to Pfizer or its counsel (except as provided above) or use of other methods of transmission (e.g., electronic transmission, Federal Express, or DHL) to Pfizer or its counsel will not be sufficient to effectuate service.  This Order does not prevent any Plaintiff from effectuating service pursuant to any other method authorized under the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: 8/10/16

_____
THE HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE