Ernest Cory (Admitted *Pro Hac Vice*)
CORY WATSON, P.C.
2131 Magnolia Avenue South
Birmingham, AL 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896
Email: ecory@corywatson.com

*Lead Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: VIAGRA (SILDENAFIL CITRATE) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to: ALL ACTIONS | Master File No.: 3:16-md-02691-RS<br><br>MDL No. 2691<br><br>**PLAINTIFFS' MOTION TO COMPEL TECHNOLOGY ASSISTED REVIEW PROTOCOL AS PART OF ELECTRONICALLY STORED INFORMATION ORDER** |

The parties have attempted over the past several weeks to reach an agreement on the approach to electronically stored information ("ESI"). Many of the issues have been resolved; however, one issue remains concerning the use of technology assisted review ("TAR") to identify the locations of relevant information and the responsive ESI contained in those locations. Plaintiffs now seek an order requiring Defendant Pfizer Inc. (Pfizer) to produce files after conducting searches for responsive documents using TAR and/or predictive coding with the input of PSC representatives.

Plaintiffs see this as a two-step process. First, the process and procedure for determining the location of various custodial and non-custodial documents, data sets, etc. that may contain

relevant information. Second, once the sources/locations have been identified, then determining the best way to identify responsive ESI contained therein.

Utilizing TAR and/or predictive coding is optimal in identifying both the location of relevant information and the responsive ESI contained in those locations identified. For example, TAR would help identify the location of responsive ESI in custodial files and/or databases for relevant issues like the following: a) other PDE5 inhibitor drugs researched and/or developed in part or in whole by Pfizer; b) research regarding other drugs and/or issues related to targeting and or affecting melanoma, BRAF mutations, cGMP pathway, MEK/MAPK, etc.

Plaintiffs believe that predictive coding should be used to search custodial files for responsive documents because it is a far more sophisticated tool for document production than the traditional search term or search query approach. Exhibit A (Usama Kahf, *Predictive Coding: A Primer,* 10 Mealey's Litig. Rep.: Discovery 1 (Mar. 2013) and B (Cynthia Courtney & Tom Groom, *Technology-Assisted Review: Use It or Lose It,* Ass'n of Corp. Counsel Docket, May 2013, at DD7). Using elements of both human review and advanced computer analytics, the process is iterative in its approach and "trains" the computer to conduct far more refined searches than the use of traditional search terms or queries can achieve. However, the process must also be collaborative, with both parties participating in the training of the system by reviewing sample sets of documents and deciding which are responsive and therefore useful in "training" the computer.

The first notable large-scale products liability litigation employing this concept was *In re Actos (Pioglitazone) Products Liability Litigation. See In re Actos (Pioglitazone) Prods. Liab. Litig.,* MDL No. 6:11-md-2299 (W.D. La. Filed Jan. 27, 2014). In *Actos,* the parties agreed to engage in a predictive coding process using sample sets of several key custodians to pull responsive documents for training the system. There were strict safeguards in place, including an additional protective order, to prevent any unauthorized disclosure of documents seen by plaintiffs' representatives who participated in that process. *See In re Actos (Pioglitazone) Prods. Liab. Litig.,* No. 6:11-md-2299, (W.D. La. Filed Jan. 27, 2014); Case

Management Order: Protocol Relating to the Produc. of Electronically Stored Information (ESI) (Doc. 1539 entered July 27, 2012) Ex. C.

Having representatives of both parties participate in the training process is the only way to implement predictive coding fairly and completely. See *Moore* v. *Publicis Groupe,* 287 F.R.D. 182, 184-87, 192 (S.D.N.Y. 2012) (discussing the benefits of both parties' counsel participating in the review of both relevant and irrelevant non-privileged documents in the predictive coding process); see also *Moore* v. *Publicis Groupe,* 2012 WL 1446534, at *1-3 (S.D.N.Y. Apr. 26, 2012) (affirming Magistrate Judge's opinion and order). A one-sided view of responsiveness or non-responsiveness could unfairly game the system. However, Pfizer refuses to agree to Plaintiffs' inclusion in the process.

As is clear from the *Actos* predictive coding order, plaintiffs' counsel were not allowed to see documents that were privileged or work product. The only arguable "harm" is that counsel were allowed to see some documents that were non-responsive. The harm in that, if there is any, is mitigated by the presence of not only the protective order that already exists in this case, but an additional and personal nondisclosure and confidentiality agreement signed by plaintiffs' participants in the review process. The review was done collaborative1y and on-site, and plaintiffs' counsel were prohibited from copying or removing any of the documents and from communicating their content to even other plaintiffs' counsel.

More recently, *In re Bair Hugger Forced Air Warming Blanket Products Liability Litigation*, an order was entered reflecting the parties agreement for computer assisted review on July 7, 2016. *See In re Bair Hugger Forced Air Warming Blanket Prods. Liab. Litig.*, MDL No. 15-md-02666, Pretrial Order No. 12 Computer Assisted Review Protocol (Doc. 62) (D. Minn. July 7, 2016) Ex. D. This agreed order recognizes that both parties will reap the benefits of using the system which will provide for higher accuracy with reduced costs and more rapid delivery of productions.

Conversely, an example of technology assisted research that did not succeed, may be found in the orders entered for *In re Biomet M2A Magnum Hip Implant Products Liability*

*Litigation. See In re Biomet M2A Magnum Hip Implant Prods. Liab. Litig.*, MDL No. 12-md-2391 (N.D. Ind. Aug. 21, 2013). Here is an example where Defendants employed their own search terms to create a subset of documents prior to using technology assisted review. Plaintiffs, unfortunately, were unsuccessful in persuading the Court to order Defendants to apply technology assisted review to the entire document collection as that would have repeated the process at an additional significant cost to Defendants. Therefore, an order was entered denying Plaintiffs requests on August 21, 2013. *See In re Biomet M2A Magnum Hip Implant Prods. Liab. Litig.,* MDL No. 12-md-2391 (Doc. 763*)* (N.D. Ind. Aug. 21, 2013) Ex. E. Unlike the facts presented in *Biomet*, we are early in our stages of litigation and discovery. We are not requesting that they repeat past vetting of documents; rather we wish to be included in order to promote ongoing transparency and cooperation in an effort to produce a protocol for validation of the process.

While there would no doubt be additional time involved on the front end, Plaintiffs believe that a predictive coding protocol similar to that used in *Actos* would result in considerable time savings on the back end, and allow depositions of Pfizer common fact witnesses to begin sooner. Once the system is fully trained, review time for both parties would be cut down, as the system itself would be separating much of the wheat from the chaff as opposed to attorneys who could be otherwise preparing the case for trial.

In conclusion, the superiority of TAR, such as predictive coding, over search terms alone in identifying responsive documents is well-established. Search terms have been shown to return only 20-24% of responsive documents[1] while TAR can return 80% and more. "TAR is cheaper, more efficient and superior to keyword searching."[2]

Put simply, Plaintiffs believe that TAR, done cooperatively, would be the best, most effective, efficient and economical way to identify responsive documents and ESI. Using TAR

---

[1] David C. Blair & M. E. Maron, *An Evaluation of Retrieval Effectiveness for a Full-Text Document-Retrieval System*, 28 COMMC'NS ACM 289, 290 (1985) ("Blair & Maron", finding 20% recall); Stephen Tomlinson, et al., *Overview of the 2007 TREC Legal Track* (April 30,2008), (showing 22% recall); Douglas W. Oard, et al., *Overview of the TREC 2008 Legal Track* (March 17, 2009), (showing 24% recall).
[2] *Hyles vs. New York City*, (USDC SDNY, August 1, 2016).

4

Plaintiffs' Motion To Compel Technology Assisted Review Protocol
as Part of Electronically Stored Information Order
Case No. 3:15-md-02691 -RS

would enable the Defendant to avoid the deficiencies that would inevitably result from using search terms, a demonstrably inferior technology which will produce demonstrably inferior results that will necessitate otherwise unnecessary additional discovery.

Additionally, we do not believe this would be a cost prohibitive order. For more than a decade Pfizer has routinely used TAR internally to identify and prioritize production of responsive ESI in many other MDL's and other similar complex litigation. In identifying and producing responsive ESI, the best approach would be to build on that experience and expertise, and work cooperatively with Plaintiffs to implement a suitable TAR methodology here. We are not requesting Defendant to incur new software costs, rather we are requesting them to include Plaintiffs in the direct process of collecting the data that is presented to Plaintiffs. Attached hereto as Exhibit F and incorporated herein is the most recent draft of the ESI Order still being negotiated by the parties.

Dated: September 9, 2016.    CORY WATSON, P.C.

*/s/ Ernest Cory*

Ernest Cory (Admitted *Pro Hac Vice*)
CORY WATSON, P.C.
2131 Magnolia Avenue South
Birmingham, AL 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896
Email: ecory@corywatson.com

*Lead Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2016, a true and correct copy of the foregoing was filed and served via electronic mail with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF counsel of record.

/s/ Rachel Abrams