UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: VIAGRA (SILDENAFIL CITRATE) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>All Cases | Case No.: 3:16-md-02691-RS<br>MDL No. 2691<br><br>[Proposed] PRETRIAL ORDER NO. 7 CONCERNING QUALIFCATION OF DOCUMENTS GENERATED BY A PARTY AS AUTHENTIC OR A BUSINESS RECORD |

Pursuant to the parties' joint submission to the court, **IT IS HEREBY ORDERED** that:

1. Order Applicable to All Cases in MDL Proceeding

This Order shall apply to all cases currently pending in MDL No. 2691 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto. This Order is binding on all parties and their counsel in all cases currently pending or subsequently made a part of these proceedings and shall govern each case in the proceedings unless it explicitly states otherwise.

2. Authenticity of Documents Provided or Generated by a Party

   a. Documents Presumed Authentic: Documents produced and/or purportedly generated by any Party that purport to be copies of documents prepared or received by the Party, or by an officer, director, employee or agent of the Party, shall be presumed to be a faithful and authentic reproduction of the original and, subject to other applicable rules of evidence, admissible as such, unless any objecting Party establishes, through a motion *in limine* or otherwise, that the document is not authentic. All other evidentiary objections other than authenticity are preserved.

   b. Presumption of Authenticity Limited to Portion Generated by Party: For the Purposes of this Order, a document in its entirety is deemed to have been generated by a Party only if that Party or one of its then-directors, officers, agents or employees created all of the document. If a Party or one of its then-directors, officers, agents or employees only created a

portion of a document, such as a portion of a chain of e-mail, only that portion of the document is deemed to have been generated by that Party.

3. Business Records Introduced in Depositions

Documents, whether produced by a Party or Non-Party, introduced as an exhibit during a deposition in these proceedings that purport to be copies of memoranda, reports, records, or data compilation in any form of acts, events, conditions, opinions, or diagnoses presumptively shall be considered a business record of that Party within the meaning of Federal Rule of Evidence 803(6) or analogous applicable state court rules, subject to the following.

4. Objections to Documents Marked as Exhibits in Depositions

Within 30 calendar days of the receipt of the transcript of a deposition hereafter taken in the MDL proceedings, any Party wishing to contest the presumptive authenticity of any document(s) previously produced and/or purportedly generated by that Party that were placed into the record of that deposition as deposition exhibits shall advise Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel in writing of:

(1) the deposition and exhibit number, as well as the Bates numbers, of any exhibit where the producing or purportedly generating Party claims lack of authenticity and/or failure to qualify as a business record within the meaning of F.R.E. 803(6) or applicable analogous state court rules; and,

(2) a detailed statement of the grounds for the claim of lack of authenticity and/or the failure to qualify as a business record within the meaning of F.R.E. 803(6) or applicable analogous state court rules.

Any objection shall be deemed to have been made for all depositions in which the exhibit is used from that time forward. Any such exhibits not so identified within 30 calendar days shall be deemed faithful and authentic reproductions of the original and/or business records within the meaning of F.R.E. 803(6) or applicable analogous state court rules. The Parties shall make a good faith effort not to mark deposition exhibits en masse for the sole purpose of bringing those exhibits within the scope of this section.

5. <u>Documents Provided by Non-Parties</u>

Documents produced and/or purportedly generated by a non-Party shall be presumed to be a faithful and authentic reproduction of the original, unless any objecting Party establishes through a motion *in limine* or otherwise, that the document is not authentic and/or fails to qualify as a business record of the non-Party within the meaning of Rule 803(6) or applicable analogous state court rules. Documents produced and/or purportedly generated by a non-Party that have been or, hereafter, are placed into the record as a deposition exhibit shall be deemed faithful and authentic reproductions of the original and/or business records within the meaning of F.R.E. 803(6) or applicable analogous state court rules unless any Party raises an objection within the timeframe set forth above.

6. <u>Remedies After Notification of any Objection to Authenticity and/or Status as a Business Record</u>

Upon being notified that an exhibit is claimed to be inauthentic and/or fails to qualify as a business record, after meeting and conferring with opposing Liaison Counsel, either party may, with consent of opposing counsel or with leave of Court, initiate appropriate discovery limited to seeking to further establish authenticity and/or the status of the document as a business record.

a. <u>Limited Scope of Deposition:</u> Any deposition noticed solely to establish the authenticity or business record status of a document shall be limited strictly to that purpose for the specific document at issue and shall not address any other unrelated matters.

b. <u>Deposition of Common Witnesses</u>: Where such a deposition is taken of a common witness who has or may be deposed on other matters in this MDL, that deposition shall not count against either Parties' limits on the number of depositions established by other Court Order. However, any such deposition must be taken in accordance with the schedule set forth in Pretrial Order No. 6. Nothing in this Order shall be construed to amend any Orders entered by the Court in any other fashion.

///

7. <u>Limitations of Order</u>

    a. <u>No Effect on Other Rules of Evidence</u>: This Order addresses only the authenticity and/or business record status of any particular document, and should not be read to apply to any other rule of evidence implicated by said document.

    b. <u>No Waiver of Objections to Similar Documents</u>: The failure of any Party to object to any document shall not constitute an admission or concession by that Party that similar documents to which the Party does object are authentic and/or qualify as business records under applicable federal or state rules. For example, the failure to object to each email being treated as authentic and/or a business record does not foreclose such an objection to any individual email.

8. <u>Parties to Meet and Confer on Authentication and Business Record Status</u>

The Parties shall make good faith, cooperative efforts, through the meet and confer process or otherwise, to resolve any issues concerning the authenticity and/or business record status of documents subject to this Order so as to minimize the time and resources of the parties and of the Court devoted to such matters.

Dated: 10/19/16

_____
THE HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE