# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| In re:<br><br>**VIAGRA (SILDENAFIL CITRATE) PRODUCTS LIABILITY LITIGATION**<br><br><br>This Document Relates to: ALL ACTIONS | **Master File No.: 3:16-md-02691-RS**<br>**MDL No.: 2691**<br><br>**[~~PROPOSED~~] PRETRIAL ORDER NO. 8: PLAINTIFFS' COMMON BENEFIT LITIGATION ACCOUNT** |

## I.   SCOPE OF ORDER

This Order is entered to provide for the fair and equitable sharing among plaintiffs of the cost of services performed and expenses incurred by attorneys acting for MDL administration and common benefit of all plaintiffs in this complex litigation. Therefore, the Court finds it appropriate to establish a litigation account from which payments may be made to attorneys who provide authorized and approved services or incur authorized and approved expenses for the joint and common benefit of plaintiffs in addition to their own client(s) ("Litigation Account").

## II.   GOVERNING PRINCIPLES – THE COMMON BENEFIT DOCTRINE

This Court has authority under applicable law, the common benefit doctrine, and other principles of efficiency and equity to create a Litigation Account to compensate Plaintiffs' Leadership Structure ("PLS") for the services they provide, and expenses they incur, for the benefit of all plaintiffs in the coordinated litigation.

The governing principles are derived from the United States Supreme Court's common benefit doctrine, as established in the following: *Trustees v. Greenough,* 105 U.S. 527 (1882); refined in, *inter alia, Central Railroad & Banking Co. v. Pettus,* 113 U.S. 116 (1885); *Sprague v. Ticonic Nat'l Bank,* 307 U.S. 161 (1939); *Mills v. Elec. Auto-Lite Co.,* 396 U.S. 375 (1970);

*Boeing Co. v. Van Gemert,* 444 U.S. 472 (1980); and approved and implemented in the MDL context, *inter alia, In re MGM Grand Hotel Fire Litigation,* 660 F. Supp. 522, 525-29 (D. Nev. 1987); *In re Air Crash Disaster at Florida Everglades,* 549 F. 2d 1006, 1019-21 (5th Cir. 1977); *In re Diet Drugs (Phentermine/ Fenfluramine/ Dexfenfluramine) Prods. Liab. Litig.*, MDL No. 1203, 2001 WL 497313 (E.D. Pa. May 9, 2001). The Court notes that a review of the principle is commented on by the Honorable Eldon E. Fallon, United States District Court Eastern District of Louisiana, in his article, Eldon E. Fallon, *Common Benefit Fees in Multidistrict Litigation*, 74 La. L. Rev. 371 (2014) (available at: http://digitalcommons.law.lsu.edu /lalrev/vol74/iss2/5). *See also* Manual for Complex Litigation (Fourth) §§ 14.211, 20.312, 22.927 (2008).

### III.   <u>COMMON BENEFIT WORK PRODUCT</u>

The Common Benefit Work Product shall include all materials in the MDL Document Depository that shall consist of, but not be limited to:

      a.  CD-ROMs reflecting searchable images of the key documents selected by the PLS from the document productions of the defendant and third parties;

      b.  A bibliographic database providing a "coded" index of such key documents;

      c.  Abstracts and subjective analyses of the depositions of each generally applicable fact witness and/or generic expert pursuant to this Order;

      d.  Timelines, "casts of characters," issues outlines; and

      e.  Other work-product relating to the facts at issue in the litigation and reports of "generic experts."

### IV.   <u>APPLICATION</u>

This Order applies to all cases, and plaintiffs' attorneys for such cases, now pending, or later filed in, transferred to, or removed to this Court and treated as part of the coordinated proceeding known as *In re: Viagra (Sildenafil Citrate) Products Liability Litigation,* MDL 2691 ("the MDL Proceedings"). This Order also applies to all plaintiffs' attorneys, whether deemed Participating Counsel, Participating State Court Counsel, or Non-Participating Counsel as

defined below, who have personal injury and/or wrongful death cases related to Viagra, and all of such attorneys' represented clients and/or cases, whether filed, unfiled, and/or tolled, that are resolved as a result of any settlement coordinated through the MDL Proceedings and/or resulting from the efforts of the PLS in the MDL Proceedings.

### A.   Participating Counsel

Exhibit A, attached hereto and incorporated herein, is a Participation Agreement for plaintiffs' attorneys only, and not defendant's counsel.  All members of the PLS and all plaintiffs' attorneys who are counsel, co-counsel, or have any type of fee interest in cases unfiled, tolled, now pending, or later filed in, transferred to, or removed to this Court as part of the MDL Proceedings are deemed Participating Counsel and are subject to the Participation Agreement and this Order.

### B.   Participating State Court Counsel

Plaintiffs' attorneys who have personal injury and/or wrongful death cases related to Viagra pending in any state court but who are not counsel or co-counsel and do not have any type of fee interest in any case unfiled, tolled, now pending, or later filed in, transferred to, or removed to this Court as part of the MDL Proceeding are deemed Participating State Court Counsel by signing the Participation Agreement (Exhibit A).  Participating State Court Counsel are subject to the Participation Agreement and this Order.  Participating State Court Counsel are entitled to receive the Common Benefit Work Product generated by the PLS.

### C.   Non-Participating Counsel

Plaintiffs' attorneys who are not counsel or co-counsel and do not have any type of fee interest in any case now pending or later filed in, transferred to, or removed to this Court as part of the MDL Proceedings, but who represent clients who have personal injury and/or wrongful death cases related to Viagra, and who choose not to execute the Participation Agreement are deemed Non-Participating Counsel and are not entitled to receive Common Benefit Work Product.  Additionally, Non-Participating Counsel shall not be eligible to receive Common Benefit payments for any work performed or expenses incurred.

1   Nothing in this Order shall limit the PLS's right or ability to seek an equitable
2   contribution from any gross monetary recovery by a Non-Participating Counsel settling a non-
3   MDL personal injury and/or wrongful death case in which such counsel obtained access to or
4   the benefit of Common Benefit Work Product.

5   **V.   COMMON BENEFIT TIME**

6   Only time spent on matters common to all claims in the MDL Proceedings will be
7   eligible for application of Litigation Account funds.  Time spent on developing or processing
8   individual issues in any case for an individual client will be not considered and should not be
9   submitted unless such work is necessary for the advancement and administration of the MDL
10  Proceedings and is explicitly requested by the PLS.  Common Benefit Time must be authorized
11  by the PLS and must be maintained and submitted in accordance with the detailed guidelines as
12  set forth more fully in the Plaintiffs' Executive Committee's ("PEC") Memorandum Re:
13  Common Benefit Time and Expenses ("Memorandum") attached hereto as Exhibit B.
14  Additionally, the PLS has established procedures and forms for the submission of Common
15  Benefit Time.  Records will be maintained by Plaintiffs' Lead Counsel and will be included
16  with any fee application submission to the Court and are available for review by the Court at
17  any time upon request.  These procedures and forms have been distributed to members of the
18  PLS and to all attorneys doing common benefit work.

19  **VI.   COMMON BENEFIT EXPENSES**

20  Common Benefit Shared Expenses and Held Expenses are those expenses authorized,
21  incurred, and submitted in accordance with the guidelines and limitations as set forth in the
22  Memorandum and incorporated herein.  The PLS has also established expense reimbursement
23  procedures and forms for the submission of Common Benefit Expenses.  Records will be
24  maintained by Plaintiffs' Lead Counsel and will be included with any expense application
25  submission to the Court.  These procedures and forms have been distributed to members of the
26  PLS and will be available to all attorneys doing common benefit work.

27

28

[PROPOSED] PRETRIAL ORDER NO. 8: PLAINTIFFS' COMMON BENEFIT LITIGATION ACCOUNT
CASE NO. 16-md-02691-RS

A. **Shared Expenses**

Shared Expenses are costs incurred for the common benefit of the MDL Proceedings as a whole. Shared Costs include: (a) certain court, filing and service costs, but excluding costs associated with an individual case; (b) deposition and court reporter costs for non-case specific depositions; (c) Document Depository costs, including the creation, operation equipment, administration, and attendant costs; (d) Plaintiffs' Lead and Liaison Counsel administrative expenses (*e.g.,* expenses for equipment, technology, courier services, long distance, telecopier, electronic service, photocopy and printing; (e) PLS group administration matters such as meetings and conference calls; (f) legal and accountant fees; (g) fees and expenses paid to expert witnesses and consultants retained by the PLS to work on behalf of the PLS on general liability issues; (h) printing, copying, coding, scanning (out of house or extraordinary firm cost); (i) research by outside third party vendors/consultants/attorneys; (j) common witness fees and expenses including travel; (k) translation costs; (l) bank or financial institution charges; and (m) investigative services and costs.

The PLS has appointed Plaintiffs' Liaison Counsel to maintain and administer a Litigation Account for payment of necessary shared expenses common to the MDL Proceedings.  The Litigation Account shall be funded by periodic contributions of members of the PEC, Plaintiffs' Steering Committee ("PSC"), State Liaison Counsel, and any other attorney appointed to do common benefit work.  The initial and subsequent contributions shall be determined by the PLS.  An attorney's appointment as Lead Counsel, Liaison Counsel, State Liaison Counsel, PEC or PSC shall be contingent on that attorney's continuing commitment to diligent prosecution of this litigation and that attorney's prompt payment of all contributions. Failure to pay a contribution may result in removal from the PLS.  All such contributions shall be subject to final accounting at an appropriate time.  The Litigation Account will be audited by a CPA appointed by Plaintiffs' Lead Counsel.  An accounting of all shared expenses incurred in this MDL will be included with any motion for reimbursement of expenses submitted to the Court and are available for review by the Court at any time upon request.

[PROPOSED] PRETRIAL ORDER NO. 8: PLAINTIFFS' COMMON BENEFIT LITIGATION ACCOUNT
CASE NO. 16-md-02691-RS

1

2

**B.  Held Expenses**

Held Expenses are those that do not fall into the above Shared Expenses categories but are incurred for the common benefit of the litigation and are more fully set forth in the Memorandum.  No specific client-related costs shall be considered as Held Expenses except costs incurred for the common benefit as part of bellwether trial process in the MDL Proceedings, which may be considered for treatment as a Held Expense by the PEC and/or Fee Committee. Held Expenses will be carried by each PLS member and reimbursed as and when determined by the PEC and/or Fee Committee, and then approved by this Court.  All costs that meet the requirements set forth in the Memorandum shall be considered Held Expenses and qualify to be submitted for consideration by the PEC and/or Fee Committee, and the Court for future reimbursement.

## VII.    CASE ASSESSMENTS

Plaintiffs' Lead Counsel intends to seek a subsequent order setting forth a case assessment from the gross monetary recovery of all cases for time and expenses incurred by attorneys acting for MDL administration and common benefit of all plaintiffs in this complex litigation.  The subsequent order will address (1) an assessment amount; (2) cases and counsel subject to the assessment; (3) a Common Benefit Fee and Expense Fund; and (4) a Court appointed Fee Committee to make recommendations to the Court on the issues of how any money shall be distributed.  The parties shall meet and confer prior to the submission of this subsequent order.

## VIII.   DEFENDANT'S OBLIGATIONS

The Defendant must notify Plaintiffs' Lead Counsel prior to funding any award and/or settlement subject to this Order.

## IX.    NOTICE

Any counsel with a case currently pending in the MDL Proceedings who is not in agreement with any of the provisions outlined in this Order should submit a written objection to the Court within seven (7) days of this filing.

**IT IS SO ORDERED.**

Dated:   11/3/16

_____

THE HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

# Exhibit A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**(SAN FRANCISCO DIVISION)**

| | |
|---|---|
| **In re:** | **Master File No.: 3:16-md-02691-RS** |
| | **MDL No.: 2691** |
| **VIAGRA (SILDENAFIL CITRATE)** | |
| **PRODUCTS LIABILITY LITIGATION** | **EXHIBIT A TO PTO NO. 8:** |
| | **COMMON BENEFIT PARTICIPATION** |
| | **AGREEMENT** |
| This Document Relates to: ALL ACTIONS | |

      **THIS AGREEMENT** is made this ____ day of _____, 20__, by and between the Plaintiffs' Leadership Structure ("PLS") appointed by the United States District Court for the Northern District of California in *In re: Viagra (Sildenafil Citrate) Products Liability Litigation,* MDL 2691 ("the MDL Proceedings") and _____ **[Name of the Firm Executing the Agreement]** (the "Participating Counsel/Participating State Court Counsel").

      **WHEREAS,** the United States District Court for the Northern District of California has instructed PLS in the MDL Proceedings to facilitate the conduct of pretrial proceedings in the federal actions relating to the use of Viagra.

      **WHEREAS,** the PLS, in association with other attorneys working for the common benefit of plaintiffs, have developed or are in the process of developing work product that will be valuable in all proceedings involving Viagra personal injury and/or wrongful death claims ("Common Benefit Work Product" as defined in Pretrial Order No. 8, to which this Exhibit A is attached.).

      **WHEREAS,** the Participating Counsel/Participating State Court Counsel are desirous of acquiring the Common Benefit Work Product and establishing an amicable, working relationship with PLS for the mutual benefit of their clients.

**NOW THEREFORE,** in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

## I. SCOPE OF AGREEMENT

### A. Purpose.

This Participation Agreement is a private cooperative agreement between plaintiffs' attorneys to share Common Benefit Work Product with regard to personal injury and/or wrongful death claims resulting from the use of Viagra by Participating Counsel/Participating State Court Counsel pursuant to the corresponding Pretrial Order No. 8, and this Participation Agreement. Participating Counsel/Participating State Court Counsel who execute this Agreement are entitled to receive the Common Benefit Work Product created by PLS.

### B. Assessment Amount

Plaintiffs' Lead Counsel intends to seek a subsequent order setting forth an assessment amount. The assessment represents a hold back and shall not be altered by the PLS in any way unless each of the following occurs: (1) the entire PLS is consulted and provided an opportunity to be heard prior to the filing of any motion to implement the assessment amount; (2) the PLS approves the proposed assessment by a majority vote; (3) noticed motion with an opportunity to be heard is granted by the Court; and (4) the assessment is approved by the Court. *See In re Zyprexa Prods. Liab. Litig.,* 424 F.Supp.2d 488, 496-97 (E.D.N.Y. 2006).

### C. Rights and Obligations of Participating Counsel/Participating State Court Counsel.

Upon execution of this Participation Agreement, and subject to the Protective Order in the MDL Proceedings, PLS will provide access to Participating Counsel/Participating State Court Counsel, the Common Benefit Work Product defined in the corresponding Pretrial Order No. 8. Participating Counsel/Participating State Court Counsel agree that they are subject to the Protective Order in the MDL Proceedings, and further agree that all cases in which they have a fee interest, including unfiled cases, tolled cases, and/or cases filed in state and/or federal court are subject to the terms of this Participation Agreement. Participating Counsel/Participating State Court Counsel shall produce a list that correctly sets forth the name of each client

represented by them and/or in which they have an interest in the attorneys' fee regardless of what that interest is, who has filed a civil action arising from the use, marketing, and/or sale of Viagra together with the Court and the docket number of each such case. Participating Counsel/Participating State Court Counsel shall also produce a list that contains the name of each client represented by them and/or in which they have an interest in the attorneys' fee regardless of what that interest is, who has not yet filed a civil action arising from the use, marketing, and/or sale of Viagra. Participating Counsel/Participating State Court Counsel shall supplement the lists on a quarterly basis and provide this list to Plaintiffs' Lead Counsel. The initial list shall be provided within 15 days of signing this Agreement and must be supplemented every 90 days thereafter.

## II.   AGREEMENT TO PAY AN ASSESSMENT ON GROSS RECOVERY

Subject to the terms of this Agreement, the terms of the corresponding Pretrial Order No. 8, and the subsequent order which will set forth an assessment amount, all plaintiffs and their attorneys who, either agree or have agreed for a monetary consideration to settle, compromise, dismiss, or reduce the amount of a claim, or with or without trial to recover a judgement for monetary damages or other monetary relief, including such compensatory and punitive damages, with respect to Viagra claims are subject to an assessment of the gross settlement amount, "gross monetary recovery," as provided herein.

### A. Gross Monetary Recovery Defined.

Gross monetary recovery includes any and all amounts paid to plaintiffs' counsel by Defendant through a settlement or pursuant to a judgement. In measuring the "gross monetary recovery," the parties are to (a) exclude court costs that are to be paid by Defendant; (b) include any payments to be made by the Defendant on an intervention asserted by third parties, such as to physicians, hospitals, and other healthcare providers in subrogation related to treatment of plaintiff and any governmental liens or obligations (*e.g.,* Medicare/Medicaid); and (c) include the present value of any fixed and certain payments to be made in the future. The assessment shall apply to all of the cases of the plaintiffs' attorneys who are subject to this Agreement that are pending in the MDL Proceedings or state court as well as any unfiled or tolled cases of such

attorneys in which they are counsel or co-counsel.

**B.  Covered Cases.**

The assessment amount, to be set forth in a subsequent order, shall apply to all cases now pending or later filed in, transferred to, or removed to this Court and treated as part of the MDL Proceedings regardless of whether or not the plaintiff's attorney is either Participating Counsel/Participating State Court Counsel or Non-Participating Counsel. Participating Counsel/Participating State Court Counsel who sign the Participating Agreement further agree that the assessment shall apply to all un-filed cases, tolled cases, and/or cases filed in state court in which they have a fee interest, regardless of the size of that fee interest.

Non-Participating Counsel are not required to pay an assessment on their state court cases or on un-filed cases. However, State Court Counsel who do not sign the Participation Agreement are not entitled to receive Common Benefit Work Product. Additionally, the cases of Non-Participating State Court Counsel shall not be eligible to receive common benefit payments for any work performed or expenses incurred.

**C.  Attorney Fee Lien.**

With respect to each client who they represent in connection with Viagra related claims that are filed or pending in any Federal court, unfiled or subject to a tolling agreement, each Participating Counsel/Participating State Court Counsel shall agree to have Defendant deposit or cause to be deposited in the Litigation Account established in the corresponding Pretrial Order No. 8, a percentage proportion of the gross amount recovered by each such client that is equal to the assessment amount. In the event Defendant does not deposit such assets into the Litigation Account, Participating Counsel/Participating State Court Counsel shall deposit or cause to be deposited in the Litigation Account, a percentage proportion of the gross amount recovered by each such client that is equal to the assessment amount.

Participating Counsel/Participating State Court Counsel, on behalf of themselves, their affiliated counsel, and their clients, hereby grant and convey to the PLS a lien upon and/or a security interest in any fee generated as a result of any recovery by any client who they represent in connection with any injury arising from the use, marketing, and/or sale of Viagra,

to the full extent permitted by law, in order to secure payment in accordance with the provisions of this Agreement. Participating Counsel/Participating State Court Counsel will undertake all actions and execute all documents that are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

**D.  Attorney-Client Contracts.**

Both the PLS and Participating Counsel/Participating State Court Counsel recognize the importance of individual cases and the relationship between case-specific clients and their attorneys. It is expressly understood that the PLS will never undertake any actions to interfere with the attorney-client contracts in place between Participating Counsel/Participating State Court Counsel and their clients. Regardless of the type of settlement or conclusion eventually made in either state or federal cases, PLS will recommend to this Court that appropriate consideration should be given to individual case contracts between attorneys and their clients.

___ **PARTICIPATION ELECTION**

I elect to be a **Participating Counsel/Participating State Court Counsel** and hereby certify that I have the authority and power to bind my law firm into this Participation Agreement.

___ **NON-PARTICIPATION ELECTION**

I elect to be a **Non-Participating Counsel** and I understand that I will not be entitled to MDL common benefit work product. I also certify that I have the authority and power to bind my law firm into this Participation Agreement.

Dated: _____, 20____                    _____
                                                   **Attorney Name**

                                                   _____
                                                   **Firm Name**

                       AND

                                                   **PLAINTIFFS' LEADERSHIP STRUCTURE**

Dated: _____, 20____                    _____
                                                   Ernest Cory
                                                   Plaintiffs' Lead Counsel

5

# Exhibit B



September 22, 2016

<u>Via Electronic Mail</u>
Memorandum from PEC

       Re:     *In Re: Viagra (Sildenafil) Products Liability Litigation,* MDL No. 2691
                Memorandum Re: Common Benefit Time & Expenses

Counsel:

       This memorandum sets forth the Plaintiffs' Executive Committee's ("PEC") common benefit time and expense process.

**<u>General Rules and Standards</u>**

1. All time and expenses submitted must be incurred only for work authorized by and at the direction of the PEC.

2. These time and expense guidelines are intended to govern all activities performed and expenses incurred by counsel that relate to matters common to all claimants in MDL No. 2691. They do not relate to time or expenses incurred for prosecuting individual claims, unless such work is necessary for the advancement and administration of MDL No. 2691 and explicitly requested by PEC.

3. Only time spent on matters common to all claimants in MDL No. 2691 ("common benefit work") will be considered in determining fees. No time spent on developing or processing individual issues in any case for an individual client, with the exception of bellwether, ADR, or neutral evaluation cases, will be considered or should be submitted.

4. Time and expense submissions must be made on the two forms provided to you, which are attached in excel format. These are the MDL 2691 Time Report, and the MDL 2691 Expense Report.  Reimbursement requests must be made on the attached MDL 2691 Payment/Reimbursement Request Form.

5. At this time, supporting receipts, logs, or other documentation for common benefit time and expenses (e.g., detailed time entry reports, hotel, food, or airfare receipts, etc.) do not need to be submitted with the monthly reports. However, the PEC reserves the right to request these documents at any time. These documents must be maintained for auditing purposes as the litigation progresses and it is likely that the PEC and/or the Court will require this documentation prior to making any payments.

6. The MDL 2691 Time Report and the MDL 2691 Expense Report must be submitted to Plaintiffs Lead Counsel via email (ECory@CoryWatson.com,

1

THenderson@CoryWatson.com, and JKing@CoryWatson.com). Instructions for the MDL 2691 Time Report and the MDL 2691 Expense Report are attached hereto as Exhibit A.

7. Your first submission is due on November 15, 2016. All time and expenses prior to October 1, 2016 (that is, whenever you started common benefit time through September 30, 2016) must be submitted on November 15, 2016. After that submission, time and expenses will be due on the 15th of each month (e.g., time and expenses for November will be due on January 15). Each month must be reported separately. If time and expenses incurred in a month are not included in the first report you make for that particular month, the time and expenses not reported may not be accepted.

## Common Benefit Held and Shared Expenses

1. Held Expenses are those expenses authorized, incurred, and submitted in the monthly expense reports that are not client specific, with the exception of bellwether cases, but inure to the common benefit of plaintiffs in MDL No. 2691 and may include, among other things, authorized travel costs, postage, photocopies, computerized legal research, and meals.

2. Shared Expenses are those expenses authorized, incurred, and submitted in the Payment/Reimbursement Request Form that are not client specific but inure to the common benefit of plaintiffs in MDL No. 2691 and may include, among other things experts, deposition transcripts and court reporter costs, document depository, witness fees, administrative matters (e.g., bank charges, equipment charges, conference calls, meeting costs, legal and accounting fees) and investigative services.

3. Plaintiffs' Liaison Counsel shall maintain a litigation fund for "Shared Expenses" of MDL No. 2691 for payment of necessary shared expenses common to MDL No. 2691. Plaintiffs' Liaison Counsel is charged with administering this fund.

4. All shared expenses must be submitted in excel and pdf format to Plaintiffs' Liaison Counsel for payment. Expenses exceeding $2,500 must be submitted to both Plaintiffs' Lead Counsel and Plaintiffs' Liaison Counsel for payment. As a general rule, please expect 30 days to receive a reimbursement.

5. Please use the attached MDL 2691 Payment/Reimbursement Request Form when submitting shared expenses.

6. All supporting receipts, logs, or documentation for shared expenses must be submitted.

**Comments on Billing Entries**

From our experience auditing billing entries, we have identified certain repeated problems that we want to flag for you and your billing staff. We hope these comments will aid you in creating billing entries that will pass through the audit process.

1. Detail of Description.  Entries like "conference call" or "assist with deposition" or "travel" are not sufficient. We need to know what the nature of the conference call was; what you did at the deposition; identify the names of deponents; where you traveled from and where to, and for what reason, etc. We need enough detail so no one is guessing about the entry. Entries that are unclear risk being cut from common benefit consideration.

2. Source of Authorization.  Unless you're on the PEC, specific projects need to be authorized by a PEC member or Committee Chair. And, when entering time for that matter, we need to know the source of authorization to perform the work.

3. Billing for Intra Law Firm Emails.  We discourage billing for email correspondence between members of the same firm. Certainly, bill for any common benefit projects you are working on, but avoid just billing for the email assigning you the project, and internal discussions about it.

4. Document Review.  Please make sure that any general document review assignment describes the specific custodial file/assignment. Identifying bates stamp range is useful.

5. Billing for Conference Calls.  If you *participate* in a conference call, state as such (e.g., Participate in telephone conference call re expert witness assignments). If you attend a conference in person, then use the word "attend." You do not "attend" a conference if you are not physically there.

6. Travel.  It is important to include in the description information about the To/From/Purpose of your travel.  (E.g., Travel from Baltimore to Boston to attend monthly court status conference).

7. Expert Preparation.  Identify the name of the expert you are working with, preparing for, etc.

8. AAJ/MTMP.  The litigation will not pay any part of the costs associated with an AAJ or MTMP convention. The rationale is that you will be at these meetings in any event and these costs would otherwise be incurred by your firm. If you attend a meeting at the convention called by MDL 2691 leadership, certainly the time attending the meeting is compensable, but not the travel time or costs attendant to getting there. Attending and/or presenting at Viagra Litigation Group meetings are similarly not compensable as common benefit time.

**General Expense Guidelines**

1. <u>Airfare.</u>   Only the price of a coach seat for a reasonable itinerary will be reimbursed. Business/First Class Airfare will not be fully reimbursed, except for international flights or as identified below, which requires prior approval by the PEC in order to be considered for reimbursement. If Business/First Class Airfare is used on domestic flights then the difference between the Business/First Class Airfare must be shown on the travel reimbursement form, and only the refundable coach fare will be reimbursed. Refundable Business/First Class Airfare will be reimbursed on flights where the trip exceeds 4 hours in length.

2. <u>Hotel.</u>   Hotel room charges for the average available room rate of a business hotel, including the Hilton, Hyatt, Kimpton, Marriott, Sheraton, and Westin in the city in which the stay occurred will be reimbursed. Luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of the business hotel (as described above).

3. <u>Meals.</u>   Meal expenses must be reasonable and reasonably tied to the work being performed in MDL No. 2691.

4. <u>Cash Expenses.</u>   Miscellaneous cash expenses for which receipts are not generally available (*e.g.,* tips, luggage handling, etc.) will be reimbursed up to $25.00 per trip, as long as the expenses are properly itemized.

5. <u>Rental Automobiles.</u>  Luxury rental automobiles will not be fully reimbursed unless only luxury automobiles were available for rental. When luxury automobiles are rented and non-luxury automobiles are available, then the difference between the luxury and non-luxury vehicle rates must be shown and only the non-luxury rate may be claimed.

6. <u>Mileage.</u>   If a mileage claim is submitted, documentation must be kept stating the origination point, destination, total miles, and the purpose of the trip. Approved mileage claims will be reimbursed at the maximum rate allowed by the IRS.

7. <u>Long Distance Telephone.</u>   Long Distance telephone charges must be documented. Copies of the telephone bills must be submitted with notations as to which charges relate to MDL No. 2691. Submissions may be redacted to remove unrelated calls. Such charges should be reported at actual cost. Cellular charges will not be reimbursed.

8. <u>Shipping, Courier, and Delivery Charges.</u>   All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

9. <u>Postage Charges.</u>   A contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost.

10. <u>Telefax Charges.</u>   Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

11. <u>In-House Photocopy.</u>   A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is $0.25 per page.

12. <u>Computerized Research - Lexis/Westlaw.</u>   Claims for Lexis or Westlaw and other computerized legal research expenses that a firm allocates to MDL No. 2691 should be in the exact amount charged to the firm and paid by the firm for these legal research services. In other words, if a firm participates in some form of special or package pricing with Lexis or Westlaw or some other computerized legal research entity, then the amount that can be submitted for reimbursement shall be the amount that is calculated on the basis of the special or package pricing and not the standard pricing. The submitting firm shall verify that the amount of expenses for computerized legal research that is submitted is based on the actual amount paid for such legal research and takes into account special or package pricing that the firm may have for its legal research services.

13. <u>Secretarial and Clerical Overtime.</u>   Contemporaneous records should be maintained and submitted, showing hours worked and the specific common benefit project supported.

14. <u>Deposition Costs, Expert Witness Fees, and Exhibit Costs.</u>   Fees and costs associated with pretrial discovery that are authorized by the PEC will generally be paid directly by the Plaintiffs' Leadership Structure.

15. <u>Equipment Purchases.</u>   Purchases of equipment are not to be claimed, absent special circumstances approved by the PEC. Laptop computers purchased for and used by the individual attorneys and their staff, even if used primarily for this case, are not reimbursed.

16. <u>Monetary Sanctions.</u>   No monetary sanction levied by the Court on any attorney named in Plaintiffs' Leadership Structure shall be reported as an expense.

We do not want to have to unnecessarily police this issue, as all of the requirements outlined in this letter are designed to be as reasonable as possible while ensuring we meet our fiduciary obligations. Again, if you have questions about time and expense reporting, please direct them to me in the first instance, and then to the PEC if necessary.

<u>**EXHIBIT A**</u>

<u>**Common Benefit Time Instructions**</u>

There are fourteen fields in the MDL 2691 Time Report:

<u>Name Field.</u> The Name is the name of the person doing the work.

<u>Category Field.</u> We will not be asking you to assign a billing rate or amount to your time. Instead, please use a category based on your level of experience (e.g., Lead Counsel, Partner, Associate, Of Counsel, Law Clerk, Admin) and uniform rates will be assigned at the end of the litigation.

<u>Code Fields</u>. Please allocate your time in the appropriate field. Time is to be entered in tenths of an hour (0.1, 0.2, 0.3, 1.1, 1.5, etc.) (not .25, 1.75). The fields are identified by the following codes (which are in bold).

1. Administration (**ADMIN**): Creating and maintaining the administrative systems to operate the MDL (billing procedures, vendors, banking, logistics for meetings, etc.).

2. Appeals, Post Trial (**APP**): Appellate motions; briefs; oral argument.

3. Court Appearance and Preparation (**COURT**): Preparation for and attendance at court hearings/status conferences.

4. Discovery, Depositions (**DISC**): Draft and respond to written discovery (interrogatories, RFPs, Motions). Negotiating discovery, privilege logs with defense counsel. Preparing for and taking depositions. Drafting deposition summaries.

5. Document Review (**DOCR**) Document review assignments.

6. Experts (**EXPT**) Identification, selection, preparation, meetings with, depositions of experts. Preparing summary of expert depositions. Expert Witness Committee Meetings.

7. Investigation, Analysis, Research (**INVE**): Fact and legal investigation. Case development: analysis/strategy. Conference calls. PEC/PSC/Committee Meetings.

8. Pleadings (**PLEA**): Draft pleadings, motions, case management orders.

9. Settlement (**SETL**): Strategy discussions for settlement; settlement conferences with defense counsel; mediators.

10. Travel (**TRAV**): Travel to and from cities (e.g. San Francisco) for hearings, meetings, experts, depositions.

11. Trial, Trial Preparation (**TRIAL**): Preparation of witnesses; motions in limine; written trial motions; trial prep; trial, pre-trial, and post-trial hearings.

Total Current Time Field.  Time is to be entered in tenths of an hour (0.1, 0.2, 0.3, 1.1, 1.5, etc.) (not .25, 1.75).

## **Common Benefit Expense Instructions**

There are 2 fields in the MDL 2691 Expense Report:

Category. Please allocate your expenses to one of the categories below.

1. Assessments

2. Commercial Copies (medical records)

3. Internal Reproduction/Copies

4. Court Fees (filing, etc.)

5. Court Reporters/Transcripts (i.e. Lexis Nexis)

6. Computer Research

7. Telephone/Fax/Email

8. Postage/Express Delivery/Messenger (Fed Ex/UPS)

9. Professional Fees (expert, investigator, accountant, etc.)

10. Witness/Service Fees

11. Travel (airfare, ground travel, meals, lodging, etc.)

12. Clerical Overtime

13. Research (medical articles, books)

14. Miscellaneous

Total Current Expenses Field. Expenses should be entered in the Total Current Expenses field that corresponds to the appropriate category.

2