# EXHIBIT  6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                              )
IN RE: ZOFRAN (ONDANSETRON)         )
PRODUCTS LIABILITY LITIGATION,   )        MDL No. 1:15-md-2657-FDS
                                              )
**This Document Relates To:**              )
                                              )
    **All Cases**                        )
                                              )
_____)

**MDL Order No. 1**
**(General Provisions)**
**October 14, 2015**

**SAYLOR, D.J.**

    1.    This Order shall govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its order of October 13, 2015, entitled In re: Zofran (Ondansetron) Products Liability Litigation, and any tag-along actions transferred by the Panel after that date, and any related actions previously assigned to this Court.  This Court will decide the applicability of this Order to any case filed as a related case on motion of any party in any such case.

    2.    The actions subject to this Order are coordinated for pretrial purposes.

    3.    An MDL master file and docket has been established under Docket No. 1:15-md-2567-FDS.  All pleadings and other papers filed in these actions shall bear this docket number and the following caption:

        In re:  Zofran (Ondansetron) Products Liability Litigation

        This Document Relates To:

4.      When a pleading or other paper relates to all actions covered by this Order, the words "All Actions" shall appear immediately after or below the words "This Document Relates to:" in the caption.  Filings related to "All Actions" shall be made in the master docket.  When a pleading or other paper relates to fewer than all actions, the separate caption and docket number assigned by the Clerk of this Court for each individual action to which the pleading relates shall appear immediately after or below the words 'This Document Relates to:" in the caption.  Filings related to fewer than "All Actions" shall be made in the master docket and in each applicable individual action.

5.      All pleadings and other papers shall be filed electronically with the Clerk of this Court, not the transferor court.  No courtesy copies will be necessary.  All counsel shall familiarize themselves with this District's CM/ECF policies and procedures and file an Electronic Case Filing System-Attorney Registration Form available on the Court's website.  In the MDL Case Number field on the ECF Registration Form, counsel shall note both the master MDL case number and the individual Massachusetts case number in which they have appeared.

6.      Counsel who appeared in the transferor District Court prior to the transfer need not enter a separate appearance in this Court.  No parties in any of the transferred actions shall be required to obtain local counsel in this District and the requirements of Local Rule 83.5.3(b) are waived as to any attorney who filed an appearance in a transferred action and is duly admitted to practice before any United States District Court.

7.      This Order shall be filed and docketed on the Master Docket and the docket of each of the individual cases consolidated under the Master Docket Number, at present and hereafter.

8.      Any orders, other than orders setting deadlines previously entered by this or any transferor District Court, shall remain in full force and effect unless modified by this Court upon motion.  All deadlines established prior to transfer of these actions are suspended, other than deadlines imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court for responding to motions or other pleadings.

**So Ordered.**

                                                    /s/ F. Dennis Saylor
                                                    F. Dennis Saylor IV
Dated:  October 14, 2015                            United States District Judge

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: ZOFRAN (ONDANSETRON) | ) |
| PRODUCTS LIABILITY LITIGATION, | )    MDL No. 1:15-md-2657-FDS |
| | ) |
| This Document Relates To: | ) |
| | ) |
| All Cases | ) |
| | ) |

## MDL Order No. 2
### November 16, 2015

**SAYLOR, D.J.**

## ORDER CONCERNING ATTENDANCE AND
## PARTICIPATION OF COUNSEL BY TELEPHONE

This order is intended to govern the attendance and participation of counsel by telephone in any court proceedings in this matter.  Because of the large number of attorneys who seek to attend or participate by telephone in this matter, the following rules shall apply.

1.    Once Plaintiffs' Lead Counsel is appointed, Counsel who wish to attend by telephone should notify Plaintiffs' Lead Counsel reasonably in advance of the proceeding.  Lead Counsel shall prepare and submit to the Court a list of counsel appearing by telephone at or reasonably in advance of the proceeding.

2.    Counsel attending by telephone will not be permitted to speak during the proceeding unless called upon or recognized by the Court. Counsel who wish to address a particular issue by telephone should endeavor to notify the Court in writing reasonably in advance of the proceeding, so that the Court can recognize counsel at an appropriate time.

3.    There are a limited number of lines available for dial-in access. Parties are encouraged to dial into the call early to secure a line.

4.    Counsel attending by telephone should endeavor to minimize background noise and other interference during the call. Counsel should normally mute their telephones, so that they can hear the proceeding but other participants will not hear any unwanted noise or interference.

**So Ordered.**


/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  November 16, 2015

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| _____ | ) | |
| IN RE: ZOFRAN (ONDANSETRON) | ) | |
| PRODUCTS LIABILITY LITIGATION, | ) | MDL No. 1:15-md-2657-FDS |
| | ) | |
| **This Document Relates To:** | ) | |
| | ) | |
| **All Cases** | ) | |
| | ) | |
| _____ | ) | |

**MDL Order No. 3**
**November 18, 2015**

**ORDER APPOINTING LEAD COUNSEL**
**AND DESIGNATING RESPONSIBILITIES OF COUNSEL**

This order is intended to create a leadership structure for plaintiffs' counsel in order to

organize, simplify, and streamline the handling of these matters on behalf of all plaintiffs,

consistent with the fair administration of justice.

1.      **Lead Counsel**

The Court hereby appoints the following three individuals as Lead Counsel:

Kimberly D. Barone Baden
Motley Rice LLC
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
(843) 216-9265
kbarone@motleyrice.com

Elizabeth Graham
Grant & Eisenhofer P.A.
123 S. Justison Street, 7th Floor
Wilmington, DE 19801
(302) 622-7099
egraham@gelaw.com

Tobias Millrood
Pogust Braslow & Millrood LLC
8 Tower Bridge, Suite 940
161 Washington Street
Conshohocken, PA 19428
(610) 941-4204
tmillrood@pbmattorneys.com

The responsibilities of Lead Counsel are set forth in section 6 of this order.

2.      **Liaison Counsel**

The Court hereby appoints the following individuals as Liaison Counsel:

Robert K. Jenner and Kimberly A. Dougherty
Janet, Jenner & Suggs, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
(617) 933-1265
RJenner@myadvocates.com
KDougherty@myadvocates.com

The responsibilities of Liaison Counsel are set forth in section 7 of this order.

3.      **Plaintiffs' Steering Committee**

The Court will appoint individuals to the Plaintiffs' Steering Committee ("PSC") in a

future order.

The responsibilities of the PSC are set forth in section 8 of this order.

4.      **Changes in Membership**

These appointments are personal in nature, and may not be changed without court order.

5.      **Designated Counsel**

The PSC may appoint other qualified counsel to perform legal services for the common

benefit of plaintiffs ("Designated Counsel").

6.      **Responsibilities of Lead Counsel**

Lead Counsel shall have the following responsibilities:

1.      to chair the PSC, which shall be generally responsible for coordinating the activities of plaintiffs' counsel during pretrial proceedings;

2.      to present, after consultation with the PSC and other counsel as may be appropriate, personally or by a designee, the position of the plaintiffs on any matter arising during pretrial proceedings;

3.      to delegate specific tasks to other counsel to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically, including the creation of subject matter-specific or other working groups;

4.      to prepare and distribute to the parties periodic status reports, as appropriate;

5.      to prepare and to ensure the preparation by others of adequate and reasonable time and disbursement records where appropriate;

6.      to coordinate and lead discussions with the Court, other plaintiffs' counsel, defense counsel, and non-parties to ensure that court orders are followed, schedules are met, discovery is conducted and provided consistent with the requirements of Fed. R. Civ. P. 26, unnecessary expenditures of time and funds are avoided, and any negotiations are reasonably efficient and productive;

7.      to coordinate, with the assistance of the Liaison Counsel, with counsel in related state-court litigation, in order to avoid duplicative discovery, including minimizing the number of depositions taken of each witness, minimizing the number of lawyers who question witnesses at depositions,

and reducing duplicative questioning;

8.     to maintain an up-to-date comprehensive service list of plaintiffs' counsel in this MDL proceeding and promptly advise the Court of any changes;

9.     to receive and distribute to plaintiffs' counsel, as appropriate, orders, notices, and correspondence from the Court;

10.    to maintain and make available to other plaintiffs' counsel, on reasonable notice and at reasonable times, a complete set of all pleadings and orders filed and/or served in this MDL proceeding;

11.    to establish and maintain, in conjunction with the PSC and to the extent deemed desirable by the PSC, a physical or virtual depository of documents located within the Court's jurisdiction, or otherwise accessible to all plaintiffs' counsel; and

12.    to participate in any class or group settlement discussions.

**7.     Responsibilities of Liaison Counsel**

Liaison Counsel shall have the following responsibilities:

1.     where practicable, to communicate with attorneys prosecuting related state-court actions in order to ascertain their status;

2.     to provide information about related state-court proceedings to the Court and counsel;

3.     to help coordinate discovery and litigation efforts between state and federal proceedings to avoid, where possible, duplicative or conflicting efforts;

4.     to assist in providing access to participating state-court counsel to any

4

common-benefit document depository and common-benefit work-product, in accordance with the terms of any common-benefit orders entered by the Court; and

5.    to assist lead counsel in coordinating the efforts of all counsel in all pending cases, whether part of this MDL proceeding or not.

**8.    Responsibilities of PSC**

The PSC shall have the following responsibilities:

**A.    Discovery**

1.    to initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions subject to this order;

2.    to develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs;

3.    to cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas concerning any witnesses and documents needed to prepare for the trial of this litigation (similar requests, motions, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him or her in the preparation of the pretrial stages of his or her client's particular claims); and

4.    to conduct all discovery, by members or their designees approved by Lead Counsel, in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs.

**B.      Hearings and Meetings**

1.      to call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court;

2.      to initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matters concerning pretrial proceedings;

3.      to examine witnesses and introduce evidence at hearings on behalf of plaintiffs; and

4.      to speak for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

**C.      Trial**

1.      to coordinate the selection, management, and presentation of any common issue, "bellwether," and/or "test" case trials.

**D.      Settlement and Miscellaneous**

1.      to negotiate and propose settlement of cases on behalf of plaintiffs or plaintiff groups, including exploring and, where appropriate, pursuing all settlement options concerning any claim or portion of any case filed in this litigation;

2.      to litigate any motions presented to the Court that involve matters within the responsibilities of the PSC;

3.      to negotiate and enter into stipulations with defendants concerning this litigation, subject where appropriate to the objections of individual counsel

and/or the approval of the Court;

4.      to maintain adequate files of all discovery and pretrial matters, including establishing and maintaining a document or exhibit depository, in either real or virtual format, and having those documents available, under reasonable terms and conditions, for examination by all plaintiffs' counsel;

5.      to perform any task necessary and proper for the PSC to accomplish its responsibilities, including organizing subcommittees or workgroups comprised of plaintiffs' attorneys not on the PSC and assigning them tasks consistent with the duties of the PSC; and

6.      to perform such other functions as may be expressly authorized by further orders of this Court.

## 9.     Privileged Communications

Because cooperation among counsel and the parties is essential for the orderly and expeditious resolution of the litigation, the communication, transmission, or dissemination of information among plaintiffs' counsel shall be subject to the joint attorney-client privilege and the protections afforded by the attorney work-product doctrine; provided, however, that the conditions necessary to create such a privilege or protection have been satisfied and the privilege or protection has not been waived.

**So Ordered.**

 

                                        /s/ F. Dennis Saylor

                                        F. Dennis Saylor IV

Dated:  November 18, 2015               United States District Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
)
IN RE: ZOFRAN (ONDANSETRON)          )
PRODUCTS LIABILITY LITIGATION,       )     MDL No. 1:15-md-2657-FDS
                                     )
This Document Relates To:            )
                                     )
    All Cases                       )
                                     )
_____)

## MDL Order No. 4
### November 18, 2015

## ORDER STAYING RESPONSIVE PLEADINGS

In the interests of judicial economy, all deadlines to file responsive pleadings are stayed

in all transactions to this Court in this multidistrict proceeding pending further order of this

Court.

**So Ordered.**


                                   /s/ F. Dennis Saylor        
                                   F. Dennis Saylor IV
Dated:  November 18, 2015                United States District Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ ) | |
| IN RE: ZOFRAN (ONDANSETRON) ) | |
| PRODUCTS LIABILITY LITIGATION, ) | MDL No. 1:15-md-2657-FDS |
| ) | |
| This Document Relates To: ) | |
| ) | |
| All Cases ) | |
| ) | |
| _____ ) | |

**MDL Order No. 5**
**November 18, 2015**

**ORDER CONCERNING APPEARANCES OF COUNSEL**

1.      Counsel in any individual case transferred to this Court as part of this MDL

proceeding who appeared in that case in the transferor District Court prior to the transfer need

not enter a separate appearance in this Court in that individual case.  Such counsel must,

however, file an appearance in the master docket in order to ensure that the Court can maintain

an accurate master list of counsel.

2.      Counsel who filed an appearance in an individual case transferred to this Court

and who is duly admitted to practice before any United States District Court may appear in this

matter without the filing and allowance of a motion to appear *pro hac vice*.

3.      No parties in any of the individual cases transferred to this Court shall be required

to obtain local counsel in this District.

4.      Any attorney who appears in this matter in accordance with this order shall be

subject to the Local Rules of this Court, including its attorney disciplinary rules.

5.      This order supersedes the provisions of paragraph 6 of MDL Order No. 1 (filed

October 14, 2015).

**So Ordered.**

/s/ F. Dennis Saylor

F. Dennis Saylor IV

Dated:  November 18, 2015                    United States District Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                              )
IN RE: ZOFRAN (ONDANSETRON)        )
PRODUCTS LIABILITY LITIGATION, )        **MDL No. 1:15-md-2657-FDS**
                                              )
**This Document Relates To:**              )
                                              )
    **All Cases**                          )
_____)

<u>**MDL Order No. 6**</u>
**December 17, 2015**

<u>**ORDER CONCERNING DIRECT FILING OF CASES**</u>

**SAYLOR, J.**

    1.    In order to avoid delays associated with transfer to this Court of cases filed in or

removed to other federal district courts, and to promote judicial efficiency, any plaintiff whose

case would be subject to transfer to this MDL proceeding may file his or her case directly in the

United States District Court for the District of Massachusetts in accordance with the procedures

set forth in this order.

    2.    Any complaint filed directly in this MDL proceeding must (a) comport with the

Federal Rules of Civil Procedure and any MDL Orders in this proceeding, (b) specifically allege

the district court in which the plaintiff would have otherwise filed the case, absent this order, and

(c) specifically allege the jurisdictional and venue basis for filing in that other court.  If any

complaint fails to comply with this provision, the plaintiff will have 30 days after notification by

any defendant to file an amended complaint to cure the defect.  Failure to file an amended

complaint that complies with this provision may result in the dismissal of the complaint without

prejudice.

3.      No defendant may challenge the venue of any action filed directly in this MDL proceeding pursuant to this order until pretrial proceedings have concluded.  The inclusion of any action in this MDL proceeding, whether such action was or will be filed originally or directly in this district, shall not constitute a determination by this Court that venue is proper in this District.

4.      Except as proved in this order, no direct filing shall operate to waive or otherwise limit any defendant's rights with respect to file motions to dismiss or to transfer based on improper venue, *forum non conveniens*, lack of personal jurisdiction, or the requirements of 28 U.S.C. § 1407(a) and *Lexecon, Inc. v. Milberg Weiss*, 523 U.S. 26 (1998).

5.      At the conclusion of pretrial proceedings, should the parties agree (1) that a case filed directly in this MDL proceeding should be transferred and (2) that the case should be transferred to a particular district, the parties will jointly advise the Court of the district to which the case should be transferred.  Absent agreement by the parties, this Court shall transfer direct-filed cases to the district court where the plaintiff would have otherwise filed absent this order, as specified in Paragraph 2.  For purposes of choice-of-law analysis, the specified district court shall be treated as if it were a transferor court.

6.      The fact that a case was filed directly in this MDL proceeding shall have no impact on the choice-of-law analysis and shall have no impact on the statute of limitations that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

7.      The filing of a complaint directly in this MDL proceeding pursuant to this order shall toll the running of any limitations period as if the complaint had been filed in another district court.

8.      Counsel in any individual case filed directly in this MDL proceeding pursuant to this order must file an appearance in the master docket in order to ensure that the Court can maintain an accurate master list of counsel.

9.      Counsel in any individual case filed directly in this MDL proceeding and who is duly admitted to practice before any United States District Court may appear in this matter without the filing and allowance of a motion to appear *pro hac vice*.

10.     No parties in any individual case filed directly in this MDL proceeding shall be required to obtain local counsel in this District.

11.     Any attorney who appears in this matter in accordance with this order shall be subject to the Local Rules of this Court, including its attorney disciplinary rules.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  December 17, 2015

3

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————— )
                                    )
IN RE: ZOFRAN (ONDANSETRON)         )
PRODUCTS LIABILITY LITIGATION,      )        MDL No. 1:15-md-2657-FDS
                                    )
This Document Relates To:           )
                                    )
    All Cases                       )
———————————————— )

### MDL Order No. 7
### December 17, 2015

## ORDER CONCERNING WAIVER OF FORMAL SERVICE OF PROCESS
## AS TO DEFENDANT GLAXOSMITHKLINE, LLC

**SAYLOR, J.**

In an effort to simplify the procedure for serving process in this litigation, plaintiffs and defendant GlaxoSmithKline LLC ("GSK"), have agreed, and the Court hereby orders, as follows:

1.      GSK will waive formal service of process of all summons and complaints filed in or transferred to this MDL in accordance with the procedures set forth in this order.

2.      GSK specifically does not agree to waiver of formal service of process for any direct or indirect parent, subsidiary, or division of GSK.

3.      For each case, counsel for a plaintiff may request a waiver of formal service of process from GSK after the filing of a complaint by e-mailing a file-stamped copy of the complaint and a request for waiver of service pursuant to Fed. R. Civ. P. 4 within 30 business days of the date of filing.  Counsel for plaintiff shall send those materials to the following e-mail address: zofranwaivers@shb.com.

4.      Counsel for GSK shall return the signed waiver request to counsel for the requesting plaintiff within the time permitted by Fed. R. Civ. P. 4.

5.      Any plaintiff submitting a request for waiver shall not seek to hold GSK in default for failure to timely answer a complaint or to enter an appearance in a case in which service has been accomplished pursuant to the terms of this order without first giving GSK written notice of the alleged default and ten business days in which to cure any alleged defect.

6.      Except for good cause shown or by prior agreement by the parties, all responsive pleading obligations on behalf of any direct or indirect parent, subsidiary, or division of GSK shall be stayed pending further order of this Court.

7.      These procedures are for purposes of efficiency in serving process in this MDL proceeding only.  They do not constitute a waiver of defenses for lack of personal jurisdiction, improper venue, or any other defense a defendant may raise in its answer or by subsequent motion.

8.      The parties have agreed that by complying with the procedures set forth in this order, a plaintiff has fulfilled his or her obligations under Rule 4 of the Federal Rules of Civil Procedure.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated:  December 17, 2015                    United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| IN RE: ZOFRAN (ONDANSETRON) ) | |
| PRODUCTS LIABILITY LITIGATION, ) | MDL No. 1:15-md-2657-FDS |
| ) | |
| This Document Relates To: ) | |
| ) | |
| All Cases ) | |
| _____ ) | |

## MDL Order No. 8
### December 17, 2015

## ORDER APPOINTING PLAINTIFFS' STEERING COMMITTEE

**SAYLOR, J.**

This order is intended to create a committee structure for plaintiffs' counsel in order to organize, simplify, and streamline the handling of this litigation on behalf of all plaintiffs, consistent with the fair administration of justice. This order follows MDL Order No. 3, in which the Court appointed both Lead and Liaison Counsel.

1. **Plaintiffs' Steering Committee**

The Court hereby appoints the following individuals to the Plaintiffs' Steering Committee ("PSC"):

| | |
|---|---|
| Edward Blizzard, Esquire<br>Blizzard & Nabers<br>440 Louisiana, #1710<br>Houston, TX 77002<br>Business Phone: 713-844-3750<br>E-Mail: eblizzard@blizzardlaw.com | Kate Jaycox, Esquire<br>Robins Kaplan, LLP<br>2800 LaSalle Plaza<br>Minneapolis, MN 55402<br>Business Phone: 612-349-8452<br>E-Mail: kjaycox@robinskaplan.com |
| Russell Budd, Esquire<br>Baron and Budd P.C.<br>3102 Oak Lawn Avenue, Suite 1100<br>Dallas, TX 75219<br>Business Phone: 214-521-3605<br>E-Mail: rbudd@baronbudd.com | Walter Kelley, Esquire<br>Kelley Bernheim Dolinsky, LLC<br>Four Court Street<br>Plymouth, MA 02360<br>Business Phone: 508-747-8854<br>E-Mail: walterkelley@duejustice.comm |

| | |
|---|---|
| Amy Eskin, Esquire<br>Levin Simes<br>44 Montgomery Street, Floor 32<br>San Francisco, CA 94104<br>Business Phone: 415-426-3000<br>E-Mail: aeskin@levinsimes.com | James Klick, Esquire<br>Herman, Herman & Katz<br>820 O'Keefe Avenue<br>New Orleans, LA 70113<br>Phone: 504-581-4892<br>Email: jklick@hhklawfirm.comm |
| Wendy Fleishman, Esquire<br>Lieff, Cabraser, Heimann & Bernstein,LLP<br>780 Third Avenue, 48th Floor<br>New York, NY 10017<br>Business Phone: 212-355-9500<br>Fax: 212-355-9592<br>E-Mail: wfleishman@lchb.comm | Arthur Murray, Esquire<br>Murray Law Firm<br>650 Poydras Street, Suite 2150<br>New Orleans, LA 70130<br>Business Phone: 504-525-8100<br>E-Mail: amurray@murray-lawfirm.comm |
| Jeffrey Gibson, Esquire<br>Cohen & Malad, LLP<br>One Indiana Square, Suite 1400<br>Indianapolis, IN 46204<br>Business Phone: 317-636-6481<br>E-Mail: jgibson@cohenandmalad.com | Steven Rotman, Esquire<br>HAUSFELD<br>7 Stone Bridge Lane<br>Milton, MA 02186<br>Business Phone: 617-333-0426<br>E-Mail: stevenrotman@comcast.nett |
| Melissa Hague, Esquire<br>Anapol Weiss<br>130 North 18th Street, Suite 1600<br>Philadelphia, PA 19103<br>Business Phone: 215-735-1130<br>E-Mail: mhague@anapolweiss.comm | Christopher Schnieders, Esquire<br>Wagstaff & Cartmell<br>4740 Grand Avenue, Suite 300<br>Kansas City, MO 64112<br>Business Phone: 816-701-1145<br>E-Mail: cschnieders@wcllp.comm |
| Stephen Hunt Jr., Esquire<br>Cory Watson, P.C.<br>2131 Magnolia Avenue South<br>Birmingham, AL 35205<br>Business Phone: 205-271-7170<br>E-Mail: shunt@CoryWatson.comm | Anthony Tarricone, Esquire<br>Kreindler & Kreindler LLP<br>855 Boylston Street<br>Boston, MA 02116<br>Business Phone: 617-424-9100<br>E-Mail: atarricone@kreindler.com |

**2.** **Changes in Membership**

These appointments are personal in nature, and may not be changed without Court order.

**3.** **Responsibilities of PSC**

The PSC shall have the following responsibilities:

**A.**     <u>Discovery</u>

    1.     to initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions subject to this order;

    2.     to develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs;

    3.     to cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas concerning any witnesses and documents needed to prepare for the trial of this litigation (similar requests, motions, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him or her in the preparation of the pretrial stages of those particular claims supported by the PSC); and

    4.     to conduct all discovery, by members or their designees approved by Lead Counsel, in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs.

**B.**     <u>Additional Duties</u>

    1.     to fund this litigation for the benefit of all plaintiffs, voluntarily and without further order of this Court. Should any PSC member fail to perform this duty timely, he or she agrees that he or she shall be dismissed from the PSC without further order of this Court.

    2.     In addition to the aforementioned duties, the Court recognizes that the following PSC members have been designated by Lead Counsel as members of a *de facto* Executive Committee, responsible for assisting Lead Counsel in guiding the litigation: attorneys Edward Blizzard,

Russell Budd, Wendy Fleishman, and Walter Kelley. This group of counsel will assist Lead and Liaison Counsel in making strategic and policy decisions and will help fund this litigation with a higher level of financial commitment and participate in a greater share of the workload, at the direction of Lead and Liaison Counsel and by order of the Court.

**C.**     **Hearings and Meetings**

1.     to call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court;

2.     to initiate proposals, suggestions, schedules, and/or joint briefs, and any other appropriate matters concerning pretrial proceedings;

3.     to examine witnesses and introduce evidence at hearings on behalf of plaintiffs; and

4.     to speak for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

**D.**     **Trial**

1.     to coordinate the selection, management, and presentation of any common issue, "bellwether" and/or "test case" trials.

**E.**     **Settlement and Miscellaneous**

1.     to negotiate and propose settlement of cases on behalf of plaintiffs or plaintiff groups, including exploring and, where appropriate, pursuing settlement options concerning any claim or portion thereof of any case filed in this litigation;

2.      to litigate any motions presented to the Court that involve matters within

the sphere of the responsibilities of the PSC;

3.      to negotiate and enter into stipulations with defendants concerning this

litigation; provided, however, that all stipulations entered into by the PSC,

except for strictly administrative details such as scheduling, must be

submitted for Court approval and will not be binding until the Court has

ratified the stipulation, and that any attorney not in agreement with a non-

administrative stipulation shall file with the Court a written objection

thereto within five days after he/she knows or should have reasonably

become aware of the stipulation, and that failure to object within the term

allowed shall be deemed a waiver and the stipulation will automatically be

binding on that party;

4.      to maintain adequate files of all pretrial matters, including establishing and

maintaining a document or exhibit depository, in either real or virtual

format, and having those documents available, under reasonable terms and

conditions, for examination by all plaintiffs' counsel;

5.      to perform any task necessary and proper for the PSC to accomplish its

responsibilities as defined by the Court's orders, including organizing

subcommittees or workgroups comprised of plaintiffs' attorneys not on the

PSC and assigning them tasks consistent with the duties of the PSC; and

6.      to perform such other functions as may be expressly authorized by further

orders of this Court.

**4.      Privileged Communications**

Because cooperation among counsel and the parties is essential for the orderly and

5

expeditious resolution of the litigation, the communication, transmission, or dissemination of information among plaintiffs' counsel shall be subject to the joint attorney-client privilege and the protections afforded by the attorney work-product doctrine; provided, however, that the conditions necessary to create such a privilege or protection have been satisfied and the privilege or protection has not been waived.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated:   December 17, 2015                          United States District Judge