UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: VIAGRA (SILDENAFIL CITRATE) AND CIALIS (TADALAFIL) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>    ALL ACTIONS | Civil Case No.: 3:16-md-02691-RS<br><br>MDL No. 2691<br><br>[~~PROPOSED~~] SECOND AMENDED PRETRIAL ORDER No. 5: PROCEDURES FOR DIRECT FILING, MASTER PLEADINGS, AND SERVICE OF PROCESS |

## I.     SCOPE OF ORDER

1.     <u>Applicability of Order</u>.  This Order applies to all cases pending against Defendants Pfizer Inc. ("Pfizer") and Eli Lilly and Company ("Lilly") in MDL No. 2691 and to all actions against Defendants that have been or will in the future be originally filed in, transferred to, or properly removed to this Court and assigned thereto as part of this MDL No. 2691.

## II.    DIRECT FILING OF CASES IN MDL NO. 2691

2.     <u>Direct Filing Permitted</u>.  To promote judicial efficiency and eliminate delays associated with the transfer to this Court of cases filed in or removed to other federal district courts, any Plaintiff whose case would be subject to transfer to MDL No. 2691 may file his or her case directly in the Northern District of California, San Francisco.

3.     <u>Defendants Shall Not Challenge Venue for Pretrial Purposes</u>.  Each case filed directly into MDL No. 2691 by a Plaintiff who resides in a federal district other than the Northern District of California will be filed into MDL No. 2691 for the purposes of pretrial proceedings, consistent with the Judicial Panel on Multidistrict Litigation's April 7, 2016 Transfer Order and December 7, 2016 Transfer Order.  Defendants will not challenge the venue of any action filed directly into MDL No. 2691 for purposes of pretrial proceedings.

4.     <u>No *Lexecon* Waiver</u>.  For cases filed directly into MDL No. 2691, the Parties preserve and do not waive any and all rights under *Lexecon Inc. v. Milberg Weiss*, 523 U.S. 26 (1998) to have each case remanded to the district of traditional venue for trial set forth in paragraph 10(f) herein.

5. <u>No Determination Regarding Jurisdiction or Venue</u>. The inclusion of any case in MDL No. 2691, whether such case was or will be filed originally or directly in the Northern District of California, or transferred or removed to the Northern District of California, shall not constitute a determination by this Court that jurisdiction or venue is proper in this District.

6. <u>No Impact on Choice of Law</u>. The fact that a case was filed directly in MDL No. 2691 pursuant to this Order will have no impact on choice of law, including the statute of limitations that otherwise would apply to an individual case had it been filed in another court then removed and/or transferred to this Court.

## III. MASTER COMPLAINT

7. <u>Purpose of Master Pleadings</u>. In light of the number of Complaints filed to date and likely to be filed in the future in MDL No. 2691 and the inefficiencies of drafting those Complaints and individual Answers to those Complaints, the Parties have agreed to the following procedures for the use of Master Pleadings. Nothing in this Order is intended to (or does) alter the applicable provisions of the Federal Rules of Civil Procedure or the Local Rules of this Court, except as otherwise provided herein or in any subsequent Order.

8. <u>Pfizer Master Complaint.</u> On November 3, 2016, the Court entered Pretrial Order No. 9 ("PTO 9") in MDL No. 2691 adopting and incorporating a Master Complaint and the Corresponding Short Form Complaint on behalf of all Plaintiffs asserting claims against Pfizer in MDL No. 2691 ("Pfizer Master Complaint"). On November 7, 2016, the Court entered Amended PTO 9 adopting an amendment to the Master Complaint and Corresponding Short Form Complaint.

9. <u>Deadline for Lilly Master Complaint</u>. On or before March 24, 2017, the Plaintiffs' Steering Committee ("PSC") shall file in MDL No. 2691 a separate Master Complaint on behalf of all Plaintiffs asserting claims against Lilly in MDL No. 2691 ("Lilly Master Complaint").

## IV. SHORT FORM COMPLAINTS

10. <u>Content of Short Form Complaints</u>. On or before March 24, 2017, the PSC shall file in MDL No. 2691 an amended Master Short Form Complaint, which shall be an abbreviated form that future Plaintiffs will complete in lieu of filing new standalone Complaints. The amended Master Short Form Complaint shall supersede the existing Short Form Complaint. The Plaintiffs with Short Form

Complaints already filed shall not be required to file an amended Master Short Form Complaint. All Plaintiffs filing a Short Form Complaint for a previously filed action or filing a new action shall do so by using the Master Short Form Complaint adopting one or both of the Master Complaints by reference. The Master Short Form Complaint shall contain, at a minimum, for each individual case:

    a. The name(s) of Plaintiff(s) and, if different, the product user;

    b. The city and state in which Plaintiff(s) currently resides;

    c. Whether Plaintiff(s) is bringing claims against Pfizer, Lilly, or both;

    d. The city and state in which the product user resided at the time of the injury, if any, allegedly caused by Viagra/Revatio and/or Cialis/Adcirca (and, if the product user is deceased, where the product user resided at the time of his alleged injury);

    e. The basis for subject matter jurisdiction in this Court;

    f. The federal district court in which the action otherwise would have been filed absent the direct filing procedures adopted by this Court;

    g. The dates that the Viagra/Revatio user ingested Viagra/Revatio, if applicable;

    h. The dates that the Cialis/Adcirca user ingested Cialis/Adcirca, if applicable;

    i. Whether Plaintiff is alleging that the product user developed melanoma and/or the exacerbation of melanoma as a result of ingesting Viagra/Revatio and/or Cialis/Adcirca and, if so, the stage and type of melanoma (if known at the time of filing the Short Form Complaint);

    j. Whether Plaintiff is alleging any injury other than the product user's melanoma as a result of the use of Viagra/Revatio and/or Cialis/Adcirca, and, if so, the nature of the alleged injury or injuries; the dates of all alleged injuries; and if applicable, the date of death of the product user;

    k. Which causes of action in the Pfizer and/or Lilly Master Complaints Plaintiff(s) adopts (including whether any Plaintiff(s) is asserting a claim for loss of consortium, survival, or wrongful death), which Plaintiff(s) may indicate by checking the applicable box on the Master Short Form Complaint;

    l. Any additional legal counts, Defendants and supporting allegations; and

    m. Whether Plaintiff(s) demands a jury trial.

    11. <u>Timing and Effect of Filing Short Form Complaints</u>.

a. <u>Complaints Filed or Transferred Before Date of Pfizer Master Complaint</u>. Any Plaintiff who filed a Complaint in MDL No. 2691 or had a Complaint transferred to this MDL before the adoption of the Pfizer Master Complaint, and whose claims were solely against Pfizer, was required to file a Short Form Complaint in his/her case within sixty (60) days of November 3, 2016. For purposes of statutes of limitations and statutes of repose, any such Plaintiff shall be deemed to have filed his/her Complaint as of the date he/she filed his/her original Complaint and not the date of the Pfizer Master Complaint or the date he/she filed his/her Short Form Complaint.

b. <u>Complaints Filed On or After Date of Pfizer Master Complaint</u>. Any Plaintiff who files a Complaint directly in MDL No. 2691 on or after the November 3, 2016 adoption of the Pfizer Master Complaint by PTO 9, and whose claims are solely against Pfizer, must file a Short Form Complaint. For purposes of statutes of limitations and statutes of repose, any such Plaintiff shall be deemed to have filed his/her Complaint as of the date he/she filed his/her Short Form Complaint and not the date of the Pfizer Master Complaint.

c. <u>Complaints Filed or Transferred Before Date of Lilly Master Complaint</u>. Any Plaintiff who filed (or files) a Complaint in MDL No. 2691 or had (or has) a Complaint transferred to this MDL before the date on which the Court adopts the Lilly Master Complaint, and whose claims are against Lilly only, or Lilly and Pfizer, must file a Short Form Complaint in his/her case within 60 days of the date on which the Court adopts the Lilly Master Complaint or Master Short Form Complaint, whichever adoption date is later. For purposes of statutes of limitations and statutes of repose, any such Plaintiff shall be deemed to have filed his/her Complaint as of the date he/she filed his/her original Complaint and not the date of the Lilly Master Complaint, Master Short Form Complaint or the date he/she filed his/her Short Form Complaint.

d. <u>Complaints Filed On or After Date of Lilly Master Complaint</u>. Any Plaintiff who files a Complaint directly in MDL No. 2691 on or after the date on which the PSC files the Lilly Master Complaint, and whose claims are against Lilly only, Pfizer only, or Lilly and Pfizer, must file their Complaint using the Master Short Form Complaint. For purposes of statutes of limitations and statutes of repose, any such Plaintiff shall be deemed to have filed his/her Complaint as of the date he/she filed

his/her Short Form Complaint and not the date of the Lilly Master Complaint or Master Short Form Complaint.

   e. <u>Complaints Transferred to MDL On or After Date of Lilly Master Complaint</u>. Any Plaintiff who files a Complaint that is transferred to MDL No. 2691 on or after the date on which the Court adopts the Lilly Master Complaint must file a Master Short Form Complaint within sixty (60) days of the date of transfer (which shall be the date this Court posts the Transfer Order on its docket). For purposes of statutes of limitations and statutes of repose, any such Plaintiff shall be deemed to have filed his/her Complaint as of the date he/she filed his/her original Complaint in a different judicial district and not the date of the Lilly Master Complaint, Master Short Form Complaint, or the date he/she filed his/her Short Form Complaint.

   f. <u>Amendments to Short Form Complaints</u>.  Nothing in this Order shall limit Plaintiffs' right to seek leave of court to amend a Short Form Complaint as provided in the Federal Rules of Civil Procedure.  Further, Plaintiffs may file an amended Short Form Complaint without leave of court to assert any Loss of Consortium, Survival, and Wrongful Death claims.  Plaintiffs may also file an amended Short Form Complaint without leave of court to substitute or add an heir, estate, executor, successor, personal representative or other proper party in the event that substitution is necessary, including but not limited to the death or incapacitation of the original named Plaintiff; provided, however, that Defendant(s) shall not be deemed to have consented to any such amendments by virtue of this Order and shall preserve the right to challenge whether the appropriate party brought the action in a timely matter.

   g. <u>Content and Filing of Short Form Complaints.</u> Pursuant to this Court's November 28, 2016 Order Regarding: (1) Entry of Appearances by Pfizer's Counsel; and (2) Service of Short Form Complaints, each Short Form Complaint should include a reference to the member case number and be filed in both the MDL and the member case.

**V. MASTER ANSWER**

  12. <u>Deadline for Master Answer or Motion to Dismiss</u>.  On November 8, 2016, Pfizer filed a Master Answer to the Pfizer Master Complaint ("Pfizer Master Answer").  Within sixty (60) days of the date of filing of the Lilly Master Complaint, Lilly shall file a Master Answer to the Lilly Master

Complaint ("Lilly Master Answer") or shall file, pursuant to the Federal Rules of Civil Procedure, a motion seeking dismissal, in whole or in part, of the Lilly Master Complaint.  If any Defendant files a Motion to Dismiss a Master Complaint, and such Motion does not result in the dismissal of the Master Complaint in its entirety, the moving Defendant shall file a Master Answer within sixty (60) days of the date on which the Court issues a ruling as to the moving Defendant's Motion to Dismiss, provided that the Court does not grant the PSC leave to amend the relevant Master Complaint.  If the Court grants the PSC leave to amend the relevant Master Complaint, the parties shall meet and confer in good faith regarding deadlines for the filing of an Amended Master Complaint and Defendant's response thereto.

13. <u>Master Answer Deemed Adopted in All Cases</u>.  Each Defendant's Master Answer shall be deemed to be its Answer to all properly served Complaints, whether Short Form or otherwise, in any case now or in the future pending in MDL No. 2691, including those cases transferred to MDL No. 2691 pursuant to 28 U.S.C. § 1407, filed directly in MDL No. 2691 pursuant as authorized herein, or removed to this Court and included in MDL No. 2691.  Defendants are hereby relieved of the obligation to file any further Answer to any Complaint not yet answered and/or any Complaint in a case subsequently transferred to or consolidated with MDL No. 2691, unless otherwise ordered by this Court.  For cases in MDL No. 2691 that do not utilize one of the two Master Complaints, each Defendant's Master Answer will be deemed its answer to those allegations that correspond to the allegations of the relevant Master Complaint, and will be deemed a denial of any allegations not contained in the relevant Master Complaint.

14. <u>Master Answer Without Prejudice to Individual Motions to Dismiss</u>.  The adoption of the Master Answer in every case is without prejudice to any Defendant later moving to dismiss certain counts alleged in the relevant Master Complaint (at the appropriate time in any individual Plaintiff's action), asserting any affirmative defenses, filing an Amended Answer to address specifically any individual Complaints described below, or otherwise challenging the sufficiency of any claim or cause of action in any Complaint under the applicable state's law, including cases that may be selected for inclusion in a discovery pool or bellwether trial pool.  Any proposed Order submitted to this Court for a process of selecting cases for inclusion in a discovery pool or bellwether trial pool must include a proposed procedure for the filing of dispositive motions applicable to those cases.  Furthermore, by

agreeing to the procedures for filing the Master Complaints and Short Form Complaints, Defendants have not agreed to or admitted the allegations set forth in those documents, nor have Defendants conceded or waived the right to dispute the legal validity of the claims alleged therein.

15. <u>Voluntary Dismissals</u>.  As set forth herein, after a Defendant's Master Answer has been filed in MDL No. 2691, it will be deemed adopted in every case.  As a result, following the filing of any Defendant's Master Answer, any Plaintiff who wishes to voluntarily dismiss any case filed in or transferred to MDL No. 2691 must comply with Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

## VI. SERVICE OF PROCESS AS TO PFIZER.

16. <u>Service of Process by Mail on Pfizer's Registered Agent</u>.  Without waiver of any defenses, Pfizer agrees that Plaintiffs may effectuate service of process pursuant to the provisions of Federal Rule of Civil Procedure 4 by sending a copy of the Summons and Complaint by certified mail to Pfizer's registered agent for service of process at the following address:  The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.  Service shall be deemed effective on the day that the Summons and Complaint are sent to Pfizer as set forth above.  Plaintiffs shall be responsible for filing a Return of Service with the Court.

17. <u>Certain Other Methods of Service Not Sufficient</u>.  General mailing to Pfizer or its counsel (except as provided above) or use of other methods of transmission (e.g., electronic transmission, Federal Express, or DHL) to Pfizer or its counsel will not be sufficient to effectuate service.  This Order does not prevent any Plaintiff from effectuating service pursuant to any other method authorized under the Federal Rules of Civil Procedure.

18. <u>Service of Short Form Complaints for Previously Filed Cases.</u>  For cases filed and served before the adoption of the Pfizer Master Complaint service is deemed proper through the electronic filing of the Short Form Complaint.

## VII. SERVICE OF PROCESS AS TO LILLY.

19. <u>Service of Process by Mail on Lilly's Registered Agent</u>.  Without waiver of any defenses, Lilly agrees that Plaintiffs may effectuate service of process pursuant to the provisions of Federal Rule of Civil Procedure 4 by sending a copy of the Summons and Complaint by certified mail to Lilly's registered agent for service of process at the following address:  Eli Lilly and Company c/o National

Registered Agents, Inc., 150 West Market Street, Suite 800, Indianapolis, IN 46204.  Service shall be deemed effective on the day that the Summons and Complaint are sent to Lilly as set forth above.  Plaintiffs shall be responsible for filing a Return of Service with the Court.

20. <u>Certain Other Methods of Service Not Sufficient</u>.  General mailing to Lilly or its counsel (except as provided above) or use of other methods of transmission (e.g., electronic transmission, Federal Express, or DHL) to Lilly or its counsel will not be sufficient to effectuate service.  This Order does not prevent any Plaintiff from effectuating service pursuant to any other method authorized under the Federal Rules of Civil Procedure.

21. <u>Service of Short Form Complaints for Previously Filed Cases.</u>  For cases filed and served before the adoption of the Lilly Master Complaint service is deemed proper through the electronic filing of the Short Form Complaint.

**IT IS SO ORDERED.**

Dated:  3/7/17

_____
THE HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE