Joseph G. Petrosinelli (*pro hac vice*)
John E. Joiner (*pro hac vice*)
Williams & Connolly LLP
725 12th Street, NW
Washington, DC 20005
202-434-5000
202-434-5029 (facsimile)
jpetrosinelli@wc.com
jjoiner@wc.com

Loren H. Brown (*pro hac vice*)
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020-1104
212-335-4000
212-884-8546 (facsimile)
loren.brown@dlapiper.com

Matthew A. Holian (Cal. Bar No. 211728)
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
617-406-6009
617-406-6109 (facsimile)
matt.holian@dlapiper.com

*Attorneys for Defendant Pfizer Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: VIAGRA (SILDENAFIL CITRATE) AND CIALIS (TADALAFIL) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to: ALL ACTIONS | Master File No.: 3:16-md-02691-RS<br><br>**DECLARATION OF EDWARD O. GRAMLING, ESQ. IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBITS TO JOINT LETTER BRIEF REGARDING PFIZER DOCUMENTS WITHHELD AS PRIVILEGED AND PLAINTIFFS' REQUEST FOR RANDOM SAMPLING**<br><br>The Honorable Sallie Kim |

I, Edward O. Gramling, Esq., declare and state as follows:

1. I am Discovery Counsel responsible for litigation discovery matters at Pfizer Inc. ("Pfizer"). If called upon to testify as to the matters set forth herein, I could and would competently testify thereto as to the matters set forth in this declaration that are personally known to me to be true. As to those matters stated on information and belief, I would competently testify thereto, as I believe those matters to be true. Pursuant to Civil Local Rule 79-5, I make this declaration in support of Plaintiffs' Administrative Motion to File Under Seal, dated July 26, 2017.

2. Plaintiffs' motion seeks leave to file under seal two documents that are referenced in the parties' Joint Letter Brief Regarding Pfizer Documents Withheld As Privileged and Plaintiffs' Request for Random Sampling, filed on July 20, 2017:

    a. Defendant Pfizer's Partially Privileged Document Log;

    b. Defendant Pfizer's Completely Privileged Document Log.

3. Pfizer has designated these documents as "Confidential" under the terms of the parties' stipulated protective order in this matter because the privilege logs identify and discuss documents that are themselves confidential and proprietary. Entries on the privilege logs discuss confidential Pfizer matters relating to a wide range of topics, including, *inter alia*, confidential internal communications between Pfizer employees, confidential communications with regulatory authorities, and other internal information regarding the development, testing and regulation of Pfizer products that would put Pfizer at a competitive disadvantage if made public.

4. Viagra, the Pfizer medication at issue in this litigation, currently is marketed for sale in the United States and around the world, and it has a number of competitor medications manufactured by other pharmaceutical companies. In the pharmaceutical industry, competitors can gain a distinct commercial advantage by gaining access to non-public information from another manufacturer. A trade secret is simply business information held in confidence that derives its value from not being known by the business's competitors. *See, e.g., In re Electronic Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008). Courts have long protected trade secrets through sealing. *See, e.g., Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092,

...

1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).

5. The privilege logs at issue reflect trade secrets and other confidential and proprietary information that would put Pfizer at a disadvantage if revealed to competitors. Accordingly, they warrant protection from public disclosure by remaining under seal. The privilege logs are so pervaded with information sought to be protected from disclosure that redaction would be infeasible.

6. This Court has previously allowed privilege logs to be filed under seal where those logs provide detailed information about documents that are themselves confidential. *See Trujillo v. Jacquez*, No. C-10-05183, 2014 WL 4072062, at *5-6 (N.D. Cal. Aug. 15, 2014).

I declare under the penalty of perjury under the laws of California that the foregoing statements are true and correct.

Executed this 31st day of July, 2017, at New York, NY.

EDWARD O. GRAMLING

DECLARATION IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL
CASE NO. 3:16-md-02691-RS