# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# (SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: VIAGRA (SILDENAFIL CITRATE) AND CIALIS (TADALAFIL) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | **Master File No.: 3:16-md-02691-RS**<br><br>MDL No. 2691<br><br>**[~~JOINT PROPOSED~~] PRETRIAL ORDER NO. 14 : ORDER RE: PROTOCOL FOR *IN EXTREMIS* DEPOSITIONS** |

This Case Management Order in this MDL proceeding shall be binding on all parties and their counsel involved in this MDL, including any case currently consolidated in this proceeding and any case subsequently added to this proceeding.

1. This Order shall apply to all actions where it has been alleged that the Plaintiff is "*In Extremis*".

2. "*In Extremis*" shall be defined as being reasonably near the end of life.

3. Plaintiff's counsel shall give notice to Defendant's counsel of record upon learning of a Plaintiff's *in extremis* condition for each case in which Plaintiff voluntarily desires to utilize this protocol. The notice must be made in writing with a certification by Plaintiff's counsel as to the nature of the Plaintiff's *in extremis* condition and his or her competency to

testify. The notice also shall contain a suggested date, time and location for the Plaintiff's *in extremis* deposition, which will serve as the starting point for negotiations between counsels for the parties.

4. Provided that Plaintiff's counsel provides the following materials to counsel for the Defendant(s), or has previously provided them, the deposition may proceed on thirty (30) days' notice:

    a. The records of any healthcare provider (HCP) who prescribed the medication(s) at issue;

    b. The records of the HCPs who (i) diagnosed the Plaintiff with melanoma; and (ii) treat or have treated the Plaintiff for melanoma (including but not limited to dermatologists, pathologists, surgeons, and medical oncologists);

    c. The records of the Plaintiff's Primary Care Physician to the extent the physician was involved in the diagnosis of erectile dysfunction and/or any skin cancers; and

    d. Pharmacy records for all pharmacies who issued the prescribed medication(s) at issue.

5. Plaintiff's counsel must also provide counsel for the Defendant(s), responses to the standing *in extremis* interrogatories, attached hereto as Exhibit A, no later than fifteen (15) days prior to Plaintiff's deposition.

6. As soon as Plaintiff's counsel reasonably expects the need for an *in extremis* deposition, and in advance of the thirty (30) days' notice provided above, Plaintiff's counsel shall provide Defendant(s) with an authorization for the collection of all medical records described in Paragraph 4. In the event the records and materials set forth in paragraph 4 above have not been provided, Plaintiff's counsel shall obtain them as expeditiously as possible, and upon such records being obtained the deposition may proceed on thirty (30) days' notice. If the records cannot be obtained before the Plaintiff may become physically unable or incompetent to

testify, Plaintiff's counsel shall notify Defendant's counsel and the parties shall meet and confer on the scheduling of the deposition.

7. The parties shall meet and confer in good faith to confirm the date, time, and location of the Plaintiff's deposition. Plaintiff's counsel shall be responsible for securing and providing a court reporter and, if desired, a videographer for the deposition.

8. Defendant(s) may elect to conduct a discovery deposition of the Plaintiff in advance of the Plaintiff's *in extremis* evidence deposition. Upon request of Defendant's counsel of record, or their delegate, the parties shall meet and confer to set an agreed date, time and location for the deposition. Defendant's counsel shall be responsible for securing and providing a court reporter and, if desired, a videographer for the discovery deposition.

9. If Plaintiff's counsel follows the procedures set forth in this Case Management Order, Plaintiff's counsel need not notice an emergency hearing in order to proceed with a Plaintiff's *in extremis* deposition. Should Defendant(s) have a good faith objection to the deposition, however, they shall notify Plaintiff's counsel and the Court, in writing, of their objection and Plaintiff's counsel shall file with the Court an emergency motion to compel the *in extremis* deposition for hearing by the Honorable Magistrate Judge Kim.

10. Any objections discussed in paragraph 9 shall be brought to the Court's attention as soon as practicable, but, in any event, no less than two (2) days before the Plaintiff's deposition is noticed to proceed. If the objection(s) are overruled, the deposition shall proceed at the date, time, and location at which it initially was noticed.

11. This Order does not itself create an obligation for any Plaintiff to proceed with an *in extremis* deposition. Any Plaintiff's decision not to utilize this protocol shall not act to prejudice that Plaintiff in any subsequent proceedings.

12. The parties hereby further agree that this protocol will be applicable presuit and may be used to initiate depositions before an action has been filed, so long as a complaint is filed in this MDL proceeding at least ten (10) days before the deposition proceeds.

1       13.     The parties agree that to the extent this protocol is inconsistent with any requirements of Rule 27 regarding petitions, notice, etc., that no motion will be made by either party to limit the deposition testimony in any way on that basis so long as the request is consistent with this protocol.

      14.     This Order does not preclude the Defendant(s) from seeking other and further discovery from the Plaintiff, including additional deposition testimony.

IT IS SO ORDERED.

Dated: August 1, 2017

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE