# EXHIBIT C

```
1  WILLIAM M. HAKE (Cal. Bar No. 110956)
   e-mail: Bill.Hake@wilsonelser.com
2  DONALD P. SULLIVAN (Cal. Bar No. 191080)
   e-mail: Donald.Sullivan@wilsonelser.com
3  WILSON, ELSER, MOSKOWITZ,
      EDELMAN & DICKER LLP
4  525 Market Street, 17th Floor
   San Francisco, California 94105
5  Telephone:    (415) 625-9279
   Facsimile:    (415) 434-1370
6
   Attorneys for Non-Parties
7  NYU LANGONE HEALTH AND
   DR. STACY LOEB
8
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| IN RE: VIAGRA (SILDENAFIL CITRATE) PRODUCTS LIABILITY LITIGATION | Case No: 16-md-02691 RS; MDL No. 2691 |
|---|---|
| | **OBJECTION BY NON-PARTIES NYU LANGONE HEALTH AND DR. STACY LOEB TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION ON PREMISES** |

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), Non-Parties NYU Langone Health ("NYU") and Dr. Stacy Loeb hereby object to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, including its Attachment A ("Subpoena"), that counsel for Plaintiffs in the above-titled action caused to be served on NYU on April 17, 2017. NYU and Dr. Loeb object to the Subpoena on the following grounds:

### GENERAL OBJECTIONS

1. The Subpoena is invalid and is subject to quashing because it was issued without ten days prior notice, in violation of Joint Amended Pretrial Order No. 6 on Discovery and Other Proceedings Relating to General Causation in the underlying case.

2. The Subpoena is invalid under Federal Rule of Civil Procedure 45(d)(3)(B)(ii) in that it seeks opinions or information not relating to specific occurrences and results from

1  independent investigator-initiated and conducted studies to which Dr. Loeb was not retained by a party and which were not requested by a party.

3.  The Subpoena is invalid under Joint Pretrial Order No. 6., Paragraph 19, in the underlying case, which provides, *inter alia*, that "[n]o party will seek discovery of any experts' notes, drafts of expert reports, or communications with counsel . . ." Dr. Loeb has been engaged as an expert by Eli Lilly and Company, Inc. as to certain matters, not including her investigator-initiated epidemiologic studies, and is not designated as a technical expert.

4.  The Subpoena is invalid under Federal Rule of Civil Procedure 26(b)(4)(B) which prohibits discovery of experts who have been retained by a party to assist in litigation, but are not expected to be called as a witness, except under extraordinary circumstances not shown to be present here.

5.  The Subpoena seeks to subject NYU and Dr. Loeb, who has not been designated as a testifying expert, to discovery that exceeds what the Court in the underlying litigation requires of testifying experts in Joint Pretrial Order No. 6, Paragraph 19.

6.  NYU and Dr. Loeb object to the Subpoena to the extent that it calls for the production of information protected from disclosure by the Attorney-Client privilege, the Attorney Work Product Doctrine, HIPAA, Swedish or European data privacy laws and other applicable privileges, doctrines, immunities and privacy rights of NYU and its physicians, other personnel and patients.

7.  The Subpoena is overly broad and compliance with it would impose undue burden and expense. As an example, and not as a limitation, of this Objection, the Subpoena Definitions and Instructions purport to encompass all of NYU from 2002 (or earlier) onward and all documents or data concerning melanoma, Sildenafil, Tadalifil, and "any other PDE-5 inhibitor" at NYU Medical School and all NYU hospitals and other patient treatment facilities.

8.  NYU and Dr. Loeb object to the Subpoena on the ground that it is overly broad as to the relevant time period which purports to extend "from 2002 or the date Eli Lilly first started developing Cialis, whichever is earlier, until the present."

///

9. NYU and Dr. Loeb object to the Subpoena on the ground that it seeks information irrelevant to the action in which the Subpoena was issued. As an example, and not as a limitation, of this Objection, the Subpoena does not limit its requests to information related to either Sildenafil or Tadalafil or to Dr. Stacy Loeb.

10. NYU and Dr. Loeb object to the Subpoena on the ground that it has failed to adequately and intelligibly describe the information being sought and in a manner that avoids undue burden and expense for non-parties NYU and Dr. Loeb.

11. NYU and Dr. Loeb object to the Subpoena to the extent that the requested information can be obtained from parties to the action in which the Subpoena was issued (*i.e.*, Pfizer and Lilly), and that it is therefore unfair to seek to impose on non-parties NYU and Dr. Loeb the expense and burden of responding to the Subpoena.

12. NYU and Dr. Loeb object to the Subpoena on the ground that the subpoenaing party has failed to demonstrate its need for the requested information.

13. NYU and Dr. Loeb object to the Subpoena's definitions of the terms "RELATING TO" and "REFERRING TO" on the ground that they are defined so broadly that they are meaningless and have no discernible ending point, rendering compliance with the Subpoena unmanageable and unduly burdensome.

14. NYU and Dr. Loeb object to the Subpoena to the extent that it seeks production of confidential and commercially-sensitive proprietary information and/or confidential patient information, including but not limited to unpublished research and academic information, and information subject to confidentiality agreements with other persons or entities. The disclosure of this information would cause undue and unreasonable harm to NYU and Dr. Loeb, as well as to NYU's researchers, faculty, employees, students and patients.

15. NYU and Dr. Loeb object to the Subpoena as overbroad and unduly burdensome and exceeds third-party discovery permissible under the Federal Rules of Civil Procedure in stating that "the document requests shall be deemed continuing," so as to purport to require "further and supplemental production" indefinitely into the future.

///

1  16.  NYU and Dr. Loeb object to the Subpoena to the extent that it seeks to impose any burden inconsistent with or in violation of any Order in the underlying case or the Federal Rules of Civil Procedure.

17.  NYU and Dr. Loeb object to the definition of "You" and "Your" as vague and overbroad, including, *inter alia*, that it includes "directors, officers, agents (including attorneys, consultants, investment advisors or bankers), employees, representatives or any other person purporting to act on its behalf," and "divisions, affiliates, subsidiaries, predecessors, entities, related entities or any other entity acting to purporting to act on Your behalf." As an illustration, and not a limitation, NYU Langone Health includes NYU School of Medicine, which in turn is a School of New York University, which is one of the three largest employers in New York City.

18.  NYU and Dr. Loeb object to the terms "melanoma," "PDE-5 inhibition" and "PDE-5 inhibitor" as vague and overbroad as used in the Subpoena. "PDE-5 inhibition" is a physical effect, not a specific pharmaceutical drug, and "PDE-5 inhibitors" include other drugs and classes of drugs than Viagra and Cialis. "Melanoma" encompasses multiple types of cancer.

## SPECIFIC OBJECTIONS

REQUESTS NOS. 1-3: NYU and Dr. Loeb restate General Objections 1, 2, 3, 4, 5, 12, 13, 15, 16 and 17 in objection to Requests Nos. 1-3.

REQUEST NO. 4: NYU and Dr. Loeb restate General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 13, 14, 15, 17 and 18 in objection to Request No. 4 and further object that Request No. 4 purports to apply to data of any kind or subject matter regarding "Viagra, Cialis, or any other PDE-5 inhibitor" and therefore purports to apply, *inter alia*, to treatment of patients at NYU with any such drug.

REQUEST NO. 5: NYU and Dr. Loeb restate General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 15, 17 and 18 in objection to Request No. 5. NYU and Dr. Loeb further object to Request No. 5 in that it purports to include all documents "transmitted to or received from the FDA related to melanoma" by NYU at any time from 2002 or earlier, and therefore is overbroad and would impose undue burden and expense to search for any such documents.

REQUEST NO. 6: NYU and Dr. Loeb restate General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17 in objection to Request No. 6, including, as an example and not a limitation, because it includes a request for all documents to or from Pfizer from 2002 or earlier at any NYU hospital or other treatment facility relating to melanoma and therefore would impose unreasonable, unnecessary and undue burden and expense.

REQUEST NO. 7: NYU and Dr. Loeb restate General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 17 in objection to Request No. 7. NYU further objects that the subject matter of this request is overbroad and would impose unreasonable and undue burden and expense to search for, *inter alia*, documents and communications relating in any way to melanoma.

REQUEST NO. 8: NYU and Dr. Loeb restate General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17 in objection to Request No. 8 NYU and Dr. Loeb further object to Request No. 8, as an illustration and not a limitation, as relating to melanoma generally and without limitation and including "DOCUMENTS received from any outside physicians, scientists, or medical experts" relating to melanoma or any use of a PDE5 inhibitor, and seeks to intrude undue burden upon and disrupt research and patient treatment at NYU.

REQUEST NO. 9: NYU and Dr. Loeb restate General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 and 18 in objection to Request No. 9. NYU and Dr. Loeb further object to Request No. 9, *inter alia*, as incomprehensible, overly broad and unduly burdensome in that it purports to apply to all documents or "discourses of any kind within NYU LANGONE HEALTH RELATING TO melanoma . . ." and would intrude upon and disrupt medical research and patient treatment at NYU.

REQUEST NO. 10: NYU and Dr. Loeb restate General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 and 18 in objection to Request No. 10. NYU and Dr. Loeb further state, as an illustration and not a limitation, that Request No. 10 purports to apply to "any consulting work YOU performed RELATING TO melanoma," "and/or PDE-5 inhibition."

REQUEST NO. 11: NYU and Dr. Loeb restate General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17 in objection to Request No. 11. NYU and Dr. Loeb further

object as an illustration and not a limitation on the ground that Request No. 11 purports to apply to all "consulting work you performed for ELY LILLY or PFIZER" at any time since 2002 without regard for the subject matter.

Dated: May 18, 2018

WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER, LLP

By: /s/ Donald P. Sullivan

Donald P. Sullivan
Attorneys for Non-Parties NYU Langone
Health, NYU and Dr. Stacy Loeb

## PROOF OF SERVICE

At the time of service I was over 18 years of age and not a party to this action. I am employed by WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP. My business address is 525 Market Street, 17th Floor, San Francisco, California 94105. My business telephone number is (415) 433-0990; my business fax number is (415) 434-1370. On this date I served the following document(s):

**OBJECTION BY NON-PARTIES NYU LANGONE HEALTH AND DR. STACY LOEB TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION ON PREMISES**

on the person or persons listed below, through their respective attorneys of record in this action, by placing true copies thereof in sealed envelopes or packages addressed as shown below by the following means of service:

☐: **By United States Mail.** I placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒: **By Overnight Delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and address to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐: **By Messenger Service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and provided them to a professional messenger service for service.

☐: **By Electronic Service.** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

| | |
|---|---|
| Napoli Shkolnik, PLLC<br>360 Lexington Ave., 11th Floor<br>New York, NY 10017 | Scott Morgan<br>Morgan Law Firm, Ltd.<br>55 W. Wacker Drive, 9th Floor<br>Chicago, Illinois 60601 |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on May 18, 2017 at San Francisco, California.

Joyce Vialpando

2007161v.1