# EXHIBIT D

# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   SAN FRANCISCO
SEOUL   SHANGHAI   SILICON VALLEY   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 6000

**By Email**

May 21, 2018

Scott Morgan
55 W. Wacker Drive, 9th Floor
Chicago, Illinois 60601
smorgan@smorgan-law.com

Jennifer Liakos
525 South Douglas Street
Suite 260
El Segundo, CA 90245
jliakos@napolilaw.com

**Re: MDL No. 2691: Subpoena to NYU Langone Health and Dr. Stacey Loeb**

Dear Scott and Jennifer:

I write on behalf of Defendant Eli Lilly and Company ("Lilly") to advise you that Lilly joins in the Objections of Third Parties NYU Langone Health ("NYU") and Dr. Stacy Loeb to the document subpoena served on NYU Langone Health on April 27, 2018.

As a threshold matter, we note that the subpoena was served with only three days of notice, in violation of Pretrial Order No. 6, Paragraph 2, which requires ten days' written notice.

With respect to more substantive considerations, as we previously informed Plaintiffs in our letter of March 12, Dr. Loeb is a urologist who informally agreed to be an expert consultant to Lilly's counsel in mid-May, 2016 and executed a formal consulting engagement and confidentiality agreement with Nelson Mullins, Lilly's counsel, on June 21, 2016.[1] A second consulting and confidentiality agreement with Dr. Loeb was executed with Covington as Lilly's counsel on October 31, 2016. As we have also advised you, Dr. Loeb is a consulting expert who is not currently expected to be called as a witness at trial.

The repeated discovery you have served on Lilly, NYU, and Dr. Loeb about the relationship between Dr. Loeb and Lilly, as well as about Dr. Loeb's scientific research, is improperly harassing both Lilly and its retained expert. For example, you have now requested several times, both from Lilly and from NYU, documents relating to consulting work performed

---

[1] We have confirmed that the agreement was executed on June 21, 2016, not June 10, 2016, as previously stated.

COVINGTON

Scott Morgan
Jennifer Liakos
May 21, 2018
Page 2

for Lilly. We have previously informed you via sworn interrogatory response that Dr. Loeb has not performed any work for Lilly outside of her expert engagement in this litigation and that she has not had any contact with Lilly employees regarding her scientific research relating to Cialis and melanoma. Nonetheless, you have now asked for information about any consulting work performed by anyone at NYU Langone Health and its affiliates for Lilly or Pfizer -- an incredibly broad and overreaching request. Additionally, you have asked for all underlying data and documents relating to Dr. Loeb's co-authored study, *Use of Phosphodiesterase Type 5 Inhibitors for Erectile Dysfunction And Risk Of Malignant Melanoma*, which was published in June 2015-- months before Dr. Loeb had contact with any of Lilly's counsel.

In short, the subpoena issued to Dr. Loeb, as noted in the Objections served by NYU and Dr. Loeb, is also improper under specific provisions of Rules 26 and 45 Federal Rules of Civil Procedures and Amended Pretrial Order No. 6 in this case. Rule 26(b)(4)(B) exempts consulting experts who are not expected to testify from discovery of "facts known or opinions held," unless there is a "showing of exceptional circumstances." No exceptional circumstances have been shown, or even alleged, here. Rule 26(b)(4)(B) thus has broad application against subjecting Dr. Loeb or her employer, NYU Langone Health, to third party document discovery. To the extent that Plaintiffs may seek to get around Rule 26(b)(4)(B) by claiming that they seek discovery concerning the above-mentioned studies on which she is not a consulting expert for Lilly, they cannot do so. Rule 45 (d)(3)(B)(ii) provides for quashing of third party subpoenas that seek to require disclosure of an unretained expert's opinion or information that "does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." As I have noted, Dr. Loeb's 2015 study was not requested by a party. (Nor, as we have previously disclosed to you, was her 2017 meta-analysis, which Lilly did not commission, pay for, or otherwise work with Dr. Loeb on.)

Pretrial Order No. 6 is also highly relevant, as it provides that "no party will seek discovery of any experts' notes, drafts of expert reports, or communications with counsel . . ." Am. CMO No. 6 ¶ 22. But that is precisely what Plaintiffs are seeking from Lilly, Dr. Loeb, and NYU. Inasmuch as Plaintiffs were informed by Lilly's March 12, 2018 Interrogatory Answers that Dr. Loeb has been retained as an expert by Lilly counsel, we believe that the subpoena -- at least as initially issued, with no time limitation -- was a violation of Pretrial Order, No. 6. It should also be noted that the subpoena seeks to impose on Dr. Loeb, a consulting expert, and on NYU burdens that far exceed what Pretrial Order No. 6 requires from experts who are designated as General Causation Experts, further illustrating that the subpoena is out of bounds in this case.

Although we appreciate that you have been willing to limit the subpoena to exclude documents after Dr. Loeb's retention, that does not resolve the extraordinary overbreadth, undue burden and other objections raised by NYU and Dr. Loeb.

Lilly joins in and will support the objections of NYU and Dr. Loeb based on the overbreadth, undue burden and expense and related concerns set forth in the NYU and Dr. Loeb objections. The subpoena has been drafted to encompass all documents relating to any and all melanomas, and/or PDE-5 inhibition by any means over the past twenty years or more at one of the nation's leading medical schools, medical research programs and hospital and outpatient

**COVINGTON**

Scott Morgan
Jennifer Liakos
May 21, 2018
Page 3

care systems. In addition to the enormous burden the subpoena seeks to impose on third parties, Lilly has a direct interest as a party in having its retained expert protected from harassment.

Sincerely,

Emily Ullman