# EXHIBIT E

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: VIAGRA (SILDENAFIL CITRATE) AND CIALIS (TADALAFIL) PRODUCTS LIABILITY LITIGATION | Civil Case No.: 3:16-md-02691-RS<br><br>MDL No. 2691 |

**NOTICE OF SERVICE OF SUBPOENA COMMANDING THE PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR TANGIBLE THINGS**

**TO:**   Michael Imbroscio                    Joseph G. Petrosinelli
        Emily Ullman                          John E. Joiner
        COVINGTON & BURLING                   WILLIAMS AND CONNOLLY
        One City Center, 850 Tenth Street, N.W.   725 12th Street NW
        Washington, D.C. 20001-4956           Washington, D.C. 20005
        Phone: (202) 662-6000                 Phone: (202) 434-5000
        Email: mimbroscio@cov.com             Email: jpetrosinelli@wc.com
        Email: eullman@cov.com                Email: jjoiner@wc.com

         Matthew A. Holian
         DLA Piper LLP (US)
         33 Arch Street, 26th Floor
         Boston, MA 02110
         Phone: (617) 406-6009
         Email: matt.holian@dlapiper.com

1

**PLEASE TAKE NOTICE** that pursuant to Rule 45 of the Federal Rules of Civil Procedure, MDL Plaintiffs, by and through the undersigned and their individual counsel, intend to serve the attached subpoena commanding the production of documents, electronically stored information or tangible things upon Stacy Loeb, MD, MSc, c/o NYU Langone Health, 550 First Ave. (VZ320, Sixth Floor 612), New York, NY 10016, for production at the offices of Napoli Shkolnik, PLLC, 360 Lexington Ave., 11th Floor, New York, NY 10017 on May 21, 2018, or at such other time and place agreed upon, of all of the documents and things in its possession, custody, or control that are listed and described in Attachment A hereto. Such production will be for the purpose of inspection and copying, as desired.

Dated: April 24, 2018  _____
Jennifer Liakos (CA SBN 2031458)
NAPOLI SHKOLNIK PLLC
525 S. Douglas Street, Ste. 260
El Segundo, California 90245
Phone: (310) 331-8224
Facsimile: (646) 843-7603
jliakos@napolilaw.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| PLAINTIFFS | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 16-md-02691-RS; MDL No. 2691 |
| PFIZER, INC. and ELI LILLY AND COMPANY | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Stacy Loeb, MD, MSc. c/o NYU Langone Health
550 First Ave. (VZ320, Sixth Floor 612), New York, NY 10016

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A.

| Place: Napoli Shkolnik, PLLC<br>360 Lexington Ave., 11th Floor<br>New York, NY 10017 | Date and Time:<br>05/21/2018 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/24/2018

*CLERK OF COURT*    OR    *[signature]*

*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs, who issues or requests this subpoena, are:

Jennifer Liakos, 525 S. Douglas Street, Ste. 260, El Segundo, CA 90245; jliakos@napolilaw.com; (310) 331-8224.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 16-md-02691-RS; MDL No. 2691

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
     **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
     **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
     **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
     **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

For a statement of your obligation in producing documents under this subpoena, see Rule 45(e)(1) and (2) of the Federal Rules of Civil Procedure, which appears on the final page of the subpoena.

**DEFINITIONS**

1. All legal terms used that are not specifically defined below have the meaning provided in the statute, regulation, ordinance, or other legal authority from which that term is derived, if any, or in the most recent edition of Black's Law Dictionary. Any other word or term used that is not specifically defined below shall have its customary, everyday usage and meaning.

2. "CIALIS" refers to a member of the class of drugs known as phosphodiesterase type 5 (PDE5) inhibitors, including Cialis® (tadalafil) and Adcirca® (tadalafil), and any of the predecessor or non-final derivation of the drug that later became Cialis®, and is intended to refer to any product manufactured, tested, marketed, sold, distributed, licensed, advertised, promoted, analyzed, or labeled by Eli Lilly through its agents, representatives, servants, or employees under any name in the United States and worldwide, including but not limited to the trade names Cialis®, Adcirca® and drugs whose active component is tadalafil.  This includes name brand Cialis® and Adcirca®, and any chemical equivalents marketed in foreign countries, in any of its forms of administration or dosages.

3. The terms "COMMUNICATION" or "COMMUNICATIONS" refer to any oral, written, spoken, or electronic transmission of information, including but not limited to meetings, discussions, conversations, telephone calls, memoranda, letters, emails, text messages, postings,

instructions, conferences, seminars, presentations, or any other exchange of information between you and any other person or entity.

4. "CONSULTING" as used herein means advertising, conferring, or in any way providing advice or direction to a PERSON or entity.

5. "DOCUMENT" as used herein is coextensive with the term "documents" and "tangible things" and shall have the broadest possible meaning and interpretations ascribed to the terms under Fed. R. Civ. P. 45(a). Consistent with the above definition, the terms shall include, without limitation, any original, reproduction, copy, and non-identical copy (i.e., copy with marginal notes, deletions, etc.) of any kind of written, printed, typed, photographed, recorded, computer-generated, computer stored, electronically stored information ("ESI"), or otherwise maintained or reproduced communication or representation, any data compilation in any form, or other graphic matter of any type, whether comprised of letters, words, numbers, pictures, sounds, bytes, emails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, documentary material, or drafts thereof, any correspondence, memoranda, interoffice or intra-office communications, notes, records, letters, envelopes, messages, analyses, agreements, projections, working papers, accounts, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, trade letters, press releases, comparisons, books, diaries, journals, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, calendars, contract documents, publications, calculations, estimates, vouchers, invoices, reports, studies, computer tapes, computer disks, computer cards, computer files, postings, photographs, negatives, slides, dictation belts, voice tapes, recordings, videos, telegrams, notes of telephone

conversations, notes of any oral communications and minutes of meetings or communications of any type, including inter- and intra-office communications, questionnaires, surveys charts, graphs, all other compiled data, documents maintained on, and/or stored in or generated on any electronic transfer or storage system.  "Document" also includes all preliminary versions drafts of, and amendments or supplements to, any of the foregoing now in the possession, custody or control of you, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principles, and/or persons acting on your behalf.  A draft or non-identical copy is a separate document within the meaning of this term.

6. "FDA" means the federal Food and Drug Administration.

7. "PERSON" means any natural person or individual, and any and all legal entities, including without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, governmental bodies or agencies, or other form of business enterprise.

8. The term "PFIZER" refers to the Defendant, Pfizer Inc., its predecessors, successors, members, corporate parent(s), affiliates, subsidiaries or partners and the current and former officers, directors, employees, agents, and representatives of any such entity.

9. "POSSESSION, CUSTODY OR CONTROL" shall mean and refer to any DOCUMENTS in YOUR possession, custody or control.  A DOCUMENT is deemed to be in YOUR "possession, custody or control" if it is in YOUR physical custody, or if it is in the physical custody of another person or entity and YOU: (a) own such DOCUMENT in whole or in part; (b) have a right by contract, statute or otherwise to use, inspect, examine or copy such DOCUMENT on any terms; (c) have an understanding, express or implied, that YOU may use, inspect, examine or copy such DOCUMENT on any terms; or (d) have, as a practical matter,

been able to use, inspect, examine or copy such DOCUMENT when YOU have sought to do so. Such DOCUMENTS shall include, without limitation, DOCUMENTS that are in the custody of YOUR attorney(s), employees, staff, representatives and agents.

10. The term "ELI LILLY" refers to the Defendant, Eli Lilly and Company, its predecessors, successors, members, corporate parent(s), affiliates, subsidiaries or partners and the current and former officers, directors, employees, agents, and representatives of any such entity.

11. "RELATING TO," "RELATE TO," "REFERRING TO," "REFER TO," "REFLECTING," "REFLECT," "CONCERNING," or "CONCERN" shall mean regarding, concerning, discussing, embodying, summarizing, containing, showing, describing, evidencing, involving, constituting, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph, including documents attached to or used in the preparations of or concerning the preparation of the documents.

12. "VIAGRA" refers to a member of the class of drugs known as phosphodiesterase type 5 (PDE5) inhibitors, including Viagra® (sildenafil citrate) and Revatio® (sildenafil citrate), and any of the predecessor or non-final derivation of the drug that later became Viagra®, and is intended to refer to any product manufactured, tested, marketed, sold, distributed, licensed, advertised, promoted, analyzed, or labeled by Pfizer through its agents, representatives, servants, or employees under any name in the United States and worldwide, including but not limited to the trade names Viagra®, Revatio® and drugs whose active component is sildenafil citrate. This includes name brand Viagra® and Revatio®, and any chemical equivalents marketed in foreign countries, in any of its forms of administration or dosages.

13. "YOU," "YOUR," and "NYU LANGONE HEALTH" includes you and any PERSON or entity working on your behalf, including, but not limited to, your agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other PERSON or entity purporting to act on your behalf. In the case of business entities, these defined terms include divisions, affiliates, subsidiaries, predecessor entities, acquired entities, related entities, or any other entity acting or purporting to act on YOUR behalf.

14. The connectives "and" and "or" mean either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15. Use of the singular includes the plural, and vice versa.

16. Unless otherwise indicated, the relevant time period for the information sought is from 2002 or the date Eli Lilly first started developing Cialis, whichever is earlier, until present.

## INSTRUCTIONS

1. Produce the originals, drafts, reproductions, and photographs of the DOCUMENTS requested.

2. The DOCUMENTS to be produced in response to these requests include the DOCUMENTS within YOUR POSSESSION, CUSTODY OR CONTROL. This includes DOCUMENTS in the POSSESSION, CUSTODY OR CONTROL of YOUR officers, directors, employees, attorneys, agents, investigators, consultants, and experts, including those of YOUR corporate parent(s), affiliates, subsidiaries, members, or partners as well as any firm, company, corporation business, organization, or association in which YOU own a controlling interest or

over which YOU exercise control in fact. YOU are required to use reasonable diligence to locate the DOCUMENTS, including those that are not in YOUR immediate possession.

3. If YOU claim that the attorney-client privilege, or any other privilege, doctrine, or reason for withholding a DOCUMENT is applicable, please set forth in writing: (1) the date of the DOCUMENT; (2) the type of DOCUMENT; (3) the subject matter of the DOCUMENT; (4) the name and title of each PERSON who prepared or received the DOCUMENT or any copy thereof; and (5) the basis for the claim of privilege or other ground for withholding the DOCUMENT and nature of the privilege asserted. If it is claimed that only part of the DOCUMENT is privileged or otherwise need not be produced, please produce the remaining part of the DOCUMENT.

4. If any DOCUMENT to be produced has been lost, discarded, transferred to another PERSON or entity, destroyed, or otherwise disposed of, please set forth in writing: (1) the date, name, and subject matter of the DOCUMENT; (2) the name, employment, and title of each PERSON who prepared, received, reviewed, or had POSSESSION, CUSTODY OR CONTROL of the DOCUMENT; (3) all PERSONS with knowledge of the contents or any portion of the contents of the DOCUMENT; (4) the previous location of the DOCUMENT; (5) the date of disposal or transfer of the DOCUMENT; (6) the reason for disposal or transfer of the DOCUMENT; and, if applicable, (7) the manner of disposal of the DOCUMENT; or, if applicable, (8) the names and addresses of the transferees of the DOCUMENT.

5. These requests shall be deemed continuing, so as to require further and supplemental production promptly if you receive, generate, or discover additional DOCUMENTS called for after the time of initial production.

6. Please quote each request in full immediately preceding the answer.

**REQUESTS FOR PRODUCTION**

1. Produce all DOCUMENTS, in YOUR POSSESSION, CUSTODY OR CONTROL, RELATING TO or REFERRING TO YOUR 2015 study entitled, *Use of Phosphodiesterase Type 5 Inhibitors for Erectile Dysfunction and Risk of Malignant Melanoma*, including all drafts and underlying analyses.

2. Produce all DOCUMENTS, in YOUR POSSESSION, CUSTODY OR CONTROL, RELATING TO or REFERRING TO the "raw" or unanalyzed data from YOUR 2015 study entitled, *Use of Phosphodiesterase Type 5 Inhibitors for Erectile Dysfunction and Risk of Malignant Melanoma*, including any measurements, tables, figures, formulae, drawings, recordings, images, completed questionnaires, and/or research notes.

3. Produce all DOCUMENTS AND COMMUNICATIONS, in YOUR POSSESSION, CUSTODY OR CONTROL, RELATING TO any statistical analyses conducted in YOUR 2015 study entitled, *Use of Phosphodiesterase Type 5 Inhibitors for Erectile Dysfunction and Risk of Malignant Melanoma*.

4. Produce all DOCUMENTS and COMMUNICATIONS, in YOUR POSSESSION, CUSTODY OR CONTROL, RELATING TO any protocols, guidelines, or methods for collecting, searching, analyzing, interpreting or summarizing data regarding VIAGRA, CIALIS, or any other PDE-5 inhibitor, including any terms YOU used to search for adverse event reports RELATING TO melanoma and/or the exacerbation of melanoma associated with VIAGRA, CIALIS, or PDE-5 inhibition, and including any drafts or revisions to such protocols, guidelines, or methods.

5. Produce all DOCUMENTS, in YOUR POSSESSION, CUSTODY OR CONTROL, that YOU transmitted to or received from the FDA RELATING TO melanoma

and/or the exacerbation of melanoma associated with VIAGRA, CIALIS, or PDE-5 inhibition, including, but not limited to, any spontaneous post-marketing adverse event reports, MedWatch forms, Adverse Event or Experience reports, and case narratives.

6. Produce all DOCUMENTS and COMMUNICATIONS, in YOUR POSSESSION, CUSTODY OR CONTROL, that YOU transmitted or received from PFIZER, including from any director, officer, agent, employee, attorney, investigator or anyone else acting on the corporation's behalf, RELATING TO melanoma and/or the exacerbation of melanoma associated with VIAGRA.

7. Produce all DOCUMENTS and COMMUNICATIONS, in YOUR POSSESSION, CUSTODY OR CONTROL, that YOU transmitted or received from ELI LILLY, including from any director, officer, agent, employee, attorney, investigator or anyone else acting on the corporation's behalf, RELATING TO melanoma and/or the exacerbation of melanoma associated with CIALIS.

8. Produce all research and publications, in YOUR POSSESSION, CUSTODY OR CONTROL, RELATING TO melanoma and/or the exacerbation of melanoma associated with VIAGRA, CIALIS, and or PDE-5 inhibition, including DOCUMENTS received from any outside physicians, scientists, or medical experts.

9. Produce all DOCUMENTS, in YOUR POSSESSION, CUSTODY OR CONTROL, RELATING TO any correspondence, COMMUNICATIONS, presentations, contacts or other discourses of any kind within NYU LANGONE HEALTH RELATING TO melanoma and/or the exacerbation of melanoma associated with VIAGRA, CIALIS, or PDE-5 inhibition.

10. Produce all DOCUMENTS RELATING TO any CONSULTING work YOU performed RELATING TO melanoma and/or the exacerbation of melanoma associated with VIAGRA, CIALIS, and or PDE-5 inhibition.

11. Produce all DOCUMENTS RELATING TO any CONSULTING work YOU performed for ELI LILLY or PFIZER.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served via electronic mail on all counsel of record on this 24th day of April.

/s/   Melissa A. Agnetti