# EXHIBIT G

**COVINGTON**

BEIJING   BRUSSELS   DUBAI   JOHANNESBURG   LONDON
LOS ANGELES   NEW YORK   SAN FRANCISCO   SEOUL
SHANGHAI   SILICON VALLEY   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 6000

**By Email and Federal Express**

March 12, 2018

Troy Tatting
Robins Kaplan LLP
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402

     **Re:  In re: Viagra (Sildenafil Citrate) and Cialis (tadalafil)
          Products Liability Litigation
          Dr. Stacey Loeb**

Dear Troy:

     We have received your letter of February 9 and the associated Interrogatories and Requests for Production, all of which relate to the relationship between Dr. Stacey Loeb and Eli Lilly and Company.  I write, accompanying the attached formal response to those discovery requests, to clarify the situation.

     Dr. Loeb has been retained through counsel as an expert witness on behalf of Lilly in this multi-district litigation and in its predecessor case, *Chaplain v. Eli Lilly and Company*, No. 3:15-cv-00887 (S.D. Ill.) since June 10, 2016.  All payments that she has received from Lilly through counsel (and which are referenced in the Corrigendum you cite) pertain directly and exclusively to her retention in this matter.  Prior to that retention she received no money from Lilly whatsoever.  In addition, Lilly has not provided any payments to Dr. Loeb to fund any of her past, current, or future scientific research.

     Lilly is unaware of documents or communications between Dr. Loeb and employees of Lilly concerning Dr. Loeb's scientific research regarding PDE5 inhibitors and melanoma.  (Lilly believes that its sales representatives may have had routine contact with Dr. Loeb in her role as a practicing urologist.)  Insofar as your document requests and interrogatories extend to communications with or documents held by "agents" of Lilly, including counsel, Lilly objects to those requests on the basis of attorney-client privilege and work product protection, as well as under Federal Rule of Civil Procedure 26(b)(4)(D).  To the extent that Lilly ultimately determines that Dr. Loeb's opinions may be presented in this litigation, of course, we will make appropriate disclosures under Rule 26(b)(2)(B) and (4)(C).

                           Sincerely,

                           Emily Ullman